UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINEZ PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO and AMANDO MARTINEZ, individually and on behalf of others similarly situated,

                               Plaintiffs,

            -against-

SPICE PLACE, INC., SPICE AVENUE, INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, INC., KITTIGRON LIRTPANARUK and YONGYUT LIMLEARTVATE,

                               Defendants.
------------------------------------------------------------------------X

**07 CV 4657 (RWS) (DFE)**

**ANSWER**

       Spice Place, Inc., Spice Avenue, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate, ("defendants") by their attorneys, the Law Office of Richard E. Signorelli and Lipman & Plesur, LLP, answering the Complaint of plaintiffs, allege as follows:

       1.      Defendants deny the allegations in Paragraph 1 of the Complaint.

       2.      Defendants deny the allegations in Paragraph 2 of the Complaint.

       3.      Defendants deny the allegations in Paragraph 3 of the Complaint.

       4.      Defendants deny the allegations in Paragraph 4 of the Complaint.

       5.      In response to Paragraph 5 of the Complaint, defendants admit only that plaintiffs have brought this action alleging violations of the Fair Labor Standards Act ("FLSA")

and the New York Labor Law. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, defendants admit only that plaintiffs have brought this action and purport to represent others in a collective action under the FLSA. Defendants specifically deny that this case may be maintained as a collective action, and further deny the remaining allegations of Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, defendants admit only that plaintiffs have brought this action and purport to represent others in a class action under the New York Labor Law. Defendants specifically deny that this case may be maintained as a class action, and further deny the remaining allegations of Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, defendants admit that plaintiffs have asked this Court to exercise its jurisdiction over their FLSA claims and admit this Court has jurisdiction over plaintiffs' claims under the FLSA. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, defendants admit only that venue is proper in the Southern District of New York. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Castro is a resident.

11. Defendants deny the allegations in Paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Rangel is a resident.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Vasquez is a resident.

13. Defendants deny the allegations in Paragraph 13 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Mendez is a resident.

14. Defendants deny the allegations in Paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Rodolfo is a resident.

15. Defendants deny the allegations in Paragraph 15 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Angulo is a resident.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Martinez is a resident.

17. Defendants deny the allegations in Paragraph 17 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Cervantes is a resident.

18. Defendants deny the allegations in Paragraph 18 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Sanchez is a resident.

19. Defendants deny the allegations in Paragraph 19 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Israel is a resident.

20. Defendants deny the allegations in Paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Perez is a resident.

21. Defendants deny the allegations in Paragraph 21 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Guillermo is a resident.

22. Defendants deny the allegations in Paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Castillo is a resident.

23. Defendants deny the allegations in Paragraph 23 of the Complaint, except deny knowledge or information sufficient to form a belief as to where Plaintiff Amado [sic] is a resident.

24. Defendants deny the allegations in Paragraph 24 of the Complaint, except admit that Bangkok Place II is a New York Corporation doing business as Spice at 1411 Second Avenue, New York, New York 10021.

25. Defendants deny the allegations in Paragraph 25 of the Complaint, except admit that Spice Place, Inc. is a New York Corporation doing business as Spice at 60 University Place, New York, New York 10003.

26. Defendants deny the allegations in Paragraph 26 of the Complaint, except admit that Spice City is a New York corporation doing business as SEA at 114 North 6th Street, Brooklyn, New York 11211.

27. Defendants deny the allegations in Paragraph 27 of the Complaint, except admit that Spice West, Inc. is a New York corporation doing business as PEEP at 177 Prince Street, New York, New York 10012.

28. Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that Kitlen Management, Inc. is a New York corporation.

29. Defendants deny the allegations in Paragraph 29 of the Complaint, except admit that Spice Avenue Inc. is a New York corporation doing business as Spice at 199 Eighth Avenue, New York, New York.

30. Defendants deny the allegations in Paragraph 30 of the Complaint, except acknowledge that plaintiffs purport to sue Kittigron Lirtpanaruk as alleged.

31. Defendants deny the allegations in Paragraph 31 of the Complaint, except acknowledge that plaintiffs purport to sue Yongyut Limleartvate as alleged.

32. Pursuant to a Notice of Dismissal and Stipulation and Order filed on June 28, 2007, plaintiffs voluntarily dismissed their claims against Defendant Juttana Rimreartwate. No response is therefore required to the allegations made in paragraph 32 of the Complaint.

33. Pursuant to a Notice of Dismissal and Stipulation and Order filed on June 28, 2007, plaintiffs voluntarily dismissed their claims against Defendant Thanadham Thaneesaengsiri. No response is therefore required to the allegations made in paragraph 33 of the Complaint.

34. Pursuant to a Notice of Dismissal and Stipulation and Order filed on June 28, 2007, plaintiffs voluntarily dismissed their claims against Defendant Karnda Vajirabanjong. No response is therefore required to the allegations made in paragraph 34 of the Complaint.

35. Pursuant to a Notice of Dismissal and Stipulation and Order filed on June 28, 2007, plaintiffs voluntarily dismissed their claims against Defendant Kevin Leathers. No response is therefore required to the allegations made in paragraph 35 of the Complaint.

36. Pursuant to a Notice of Dismissal and Stipulation and Order filed on June 28, 2007, plaintiffs voluntarily dismissed their claims against Defendant Yuanyong Rimreartwate. No response is therefore required to the allegations made in paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, defendants admit only that plaintiffs purport to bring this lawsuit on their own behalf and on behalf of a class of persons under Rule 23 (a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Defendants specifically deny that this case is properly maintained as a class action. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, defendants admit only that plaintiffs purport to bring this lawsuit on their own behalf and on behalf of "all persons who are or were employed by Defendants in the state [sic] of New York" but denies that plaintiffs are entitled to bring this case as a class action or that the identified class is properly defined or appropriate. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. In response to Paragraph 61 of the Complaint, defendants incorporate their answers to Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. In response to Paragraph 68 of the Complaint, defendants incorporate their answers to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. In response to Paragraph 72 of the Complaint, defendants incorporate their answers to Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. In response to Paragraph 78 of the Complaint, defendants incorporate their answers to Paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, defendants incorporate their answers to Paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. With respect to the unnumbered Prayer For Relief on pages 17 and 18 of the Complaint, defendants admit only that plaintiffs purport to seek damages and other relief in this lawsuit. Defendants deny that this action may be maintained as a collective action or as a class action. Defendants deny the remaining allegations in the unnumbered Prayer For Relief on pages 17 and 18 of the Complaint.

89. All allegations not specifically admitted are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

90. Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

91. Plaintiffs have failed, in whole or in part, to effect proper service of process.

## THIRD AFFIRMATIVE DEFENSE

92. Plaintiffs' claims are barred, in whole or in part, because defendants have at all times endeavored in good faith to comply with the provisions of the FLSA and applicable

New York state law, and it had reasonable grounds for believing that it was in compliance therewith.

### FOURTH AFFIRMATIVE DEFENSE

93.     A class and collective action is not appropriate in this case since the interests of the putative class and potential opt-in plaintiffs are more appropriately represented by the Labor Bureau of the New York State Attorney General's Office.

### FIFTH AFFIRMATIVE DEFENSE

94.     Individual liability is not supported by the allegations contained in the Complaint or applicable law.

### SIXTH AFFIRMATIVE DEFENSE

95.     No act or omission of defendants alleged to have violated the FLSA or applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

### SEVENTH AFFIRMATIVE DEFENSE

96.     Plaintiffs' claims are barred to the extent that any members of the class that they purport to represent are exempt from the statutory requirements on which such claims are based.

### EIGHTH AFFIRMATIVE DEFENSE

97.     Plaintiffs' claims are time barred in whole or in part by the applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

98. Some or all of plaintiffs' claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the FLSA and/or applicable New York state law.

### TENTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred as to all hours during which they were waiting to be engaged or otherwise not working.

### ELEVENTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, or payment and release.

### TWELFTH AFFIRMATIVE DEFENSE

101. Plaintiffs' claims are barred, in whole or in part, by a settlement with the United States Department of Labor.

### THIRTEENTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or applicable New York state law.

### FOURTEENTH AFFIRMATIVE DEFENSE

103. Liquidated damages are not available for certain of the claims asserted.

### FIFTEENTH AFFIRMATIVE DEFENSE

104. Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they failed to define the potential opt-ins to the collective action clearly and objectively.

**SIXTEENTH AFFIRMATIVE DEFENSE**

105.    Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action, as defined in the Complaint, is overly broad and patently unmanageable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

106.    Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they cannot adequately represent the interests of the potential opt-ins to the alleged collective action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

107.    Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they have not identified, and cannot identify, a group of similarly situated employees.

**NINETEENTH AFFIRMATIVE DEFENSE**

108.    Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because they are not similarly situated to those they purport to represent.

**TWENTIETH AFFIRMATIVE DEFENSE**

109.    Plaintiffs are not entitled to class certification because they fail to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

110.    Plaintiffs are not entitled to class certification because they fail to define a class clearly and objectively.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

111.	Plaintiffs are not entitled to class certification because they cannot adequately represent the interests of the alleged class.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

112.	Plaintiffs are not entitled to class certification because New York law does not authorize class action relief for claims seeking liquidated damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

113.	Plaintiffs' attempts to pursue this lawsuit as a class action and/or collective action must fail because an independent and individual analysis of Plaintiffs' claims and unique defenses and the claims and unique defenses of each putative class member and potential opt-in is required.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

114.	Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring claims on behalf of some or all of the putative class members.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

115.	Plaintiffs' claims are barred, in whole or in part, due to their violation of Defendants' policies.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

116.	Plaintiffs' claims are barred, in whole or in part, because the time periods for which they are claiming entitlement to compensation and/or overtime pay fall within a de minimis exception to the FLSA and applicable New York state law.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice and award Defendants their costs and attorneys' fees.

Dated:  New York, New York
          October 12, 2007

Respectfully submitted,

By:   s/ Richard E. Signorelli
        Richard E. Signorelli (RS 7976)
        Law Office of Richard E. Signorelli
        799 Broadway, Suite 539
        New York, NY  10003
        212-254-4218

        s/ Robert D. Lipman
        Robert D. Lipman (RL 3564)
        David A. Robins (DR 5558)
        Lipman & Plesur, LLP
        The Jericho Atrium
        500 N. Broadway, Suite 105
        Jericho, NY 11753
        516-931-0050

        Attorneys for Defendants