MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others similarly situated, | 07 CV 4657 (RWS)(DFE) <br><br> **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** |
| *Plaintiffs*, | **Rule 23 Class Action** |
| -against- | **ECF Case** |
| SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, INC., JUTTANA RIMREARTWATE, THANADHAM THANEESAENGSIRI, KARNDA VAJIRABANJONG, KEVIN LEATHERS, KITTIGRON LIRTPANARUK, YONGYUT LIMLEARTVATE, and YUANYONG RIMREARTWATE, | |
| *Defendants*. | |

----------------------------------------------------------------X

Plaintiffs Marlon Castro, Octavio Rangel, Martin Vasquez, Alfredo Martinez, Rodolfo Mendez, Gerardo Angulo, Juan Martinez, Jose Cervantes, Sergio Sanchez, Israel Sanchez, Martine Perez, Guillermo Mendoza, Omar Castillo, and Amando Martinez, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of the Defendant corporations ("Spice Group").

2. Upon information and belief, the Spice Group is comprised of six corporations that act in partnership with one another in the operation and management of a chain of Thai restaurants in the state of New York. The six corporations include: Spice Place, Inc., Spice Ave, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc.

3. Upon information and belief, the Spice Group is owned and operated by individual Defendants Kittigron Lirtpanaruk, Yongyut Limleartvate, Juttana Rimreartwate, Thanadham Thaneesaengsiri, Karnda Vajirabanjong, Kevin Leathers, and Yuanyong Rimreartwate, who are or were doing business with different trade names, and who are sued as individuals that operated as directors and officers of the Spice Group.

4. Defendants have maintained a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without providing the minimum wage and overtime compensation required by federal and state law regulations.

5. Plaintiffs now bring this action to recover damages, including but not limited to, unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq*., and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R. § 137-1.7 (2005) ("Spread of Hours Wage Order").

6. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs seek certification of this action as a class action on behalf of themselves, individually, and all other employees and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants reside and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

10. Plaintiff Marlon Castro ("Plaintiff Castro") is an adult individual residing in New York City, Kings County. Plaintiff Castro was employed by Defendants as a delivery boy from approximately the year 2000 through April 2007. During the course of his employment, Plaintiff Castro worked at Spice Uptown, Spice Chelsea, and Spice University.

11. Plaintiff Octavio Rangel ("Plaintiff Rangel") is an adult individual residing in New York City, Queens County. Plaintiff Rangel was employed by Defendants as a delivery boy, dishwasher, and food preparation assistant from approximately March 1999 through April 2006. During the course of his employment, Plaintiff Rangel worked at Spice Uptown, Spice Chelsea, and Spice University.

12. Plaintiff Martin Vasquez ("Plaintiff Vasquez") is an adult individual residing in New York City, Queens County. Plaintiff Vasquez was employed by Defendants as a delivery boy from approximately November 2001 through May 16, 2007. During the course of his employment, Plaintiff Vasquez worked at Spice Chelsea and Spice University.

13. Plaintiff Alfredo Mendez ("Plaintiff Mendez") is an adult individual residing in New York City, Queens County. Plaintiff Mendez has been employed by Defendants as a delivery boy from approximately June 2005 through the present. During the course of his employment, Plaintiff Mendez has worked at Spice Uptown, SEA Bistro, and SEA Williamsburg.

14. Plaintiff Rodolfo Mendez ("Plaintiff Rodolfo") is an adult individual residing in New York City, Queens County. Plaintiff Rodolfo has been employed by Defendants as a delivery boy from approximately April 2001 through the present. During the course of his employment, Plaintiff Rodolfo has worked at the Spice University and Spice Chelsea.

15. Plaintiff Gerardo Angulo ("Plaintiff Angulo") is an adult individual residing in New York City, Queens County. Plaintiff Angulo has been employed by Defendants as a delivery boy, dish washer, and food preparation assistant from approximately November 2003

through the present. During the course of his employment, Plaintiff Angulo has worked at Spice Chelsea and Spice University.

16. Plaintiff Juan Martinez ("Plaintiff Martinez") is an adult individual residing in New York City, Queens County. Plaintiff Martinez has been employed by Defendants as a delivery boy from approximately May 2002 through the present. During the course of his employment, Plaintiff Martinez has worked at Spice University and Spice Uptown.

17. Plaintiff Jose Cervantes ("Plaintiff Cervantes") is an adult individual residing in New York City, Bronx County. Plaintiff Cervantes has been employed by Defendants as a delivery boy from approximately September 2005 through the present. During the course of his employment, Plaintiff Cervantes has worked at Spice Uptown and SEA Williamsburg.

18. Plaintiff Sergio Sanchez ("Plaintiff Sanchez") is an adult individual residing in New York City, Queens County. Plaintiff Sanchez has been employed by Defendants as a delivery boy from approximately April 2003 through the present. During the course of his employment, Plaintiff Sanchez has worked at Spice University and Spice Uptown.

19. Plaintiff Israel Sanchez ("Plaintiff Israel") is an adult individual residing in New York City, Queens County. Plaintiff Israel has been employed by Defendants as a delivery boy, dishwasher, and food preparation assistant from approximately the year 1999 through the present. During the course of his employment, Plaintiff Israel has worked at Spice Uptown, Spice University, and Spice Chelsea.

20. Plaintiff Martine Perez ("Plaintiff Perez") is an adult individual residing in New York City, Queens County. Plaintiff Perez has been employed by Defendants as a delivery boy

from approximately July 2003 through the present. During the course of his employment, Plaintiff Perez has worked at Spice Uptown.

21.  Plaintiff Guillermo Mendoza ("Plaintiff Guillermo") is an adult individual residing in New York City, Queens County. Plaintiff Guillermo has been employed by Defendants as a dishwasher and delivery boy from approximately June 2005 through the present. During the course of his employment, Plaintiff Guillermo has worked at Spice Uptown.

22.  Plaintiff Omar Castillo ("Plaintiff Castillo") is an adult individual residing in New York City, Queens County. Plaintiff Castillo has been employed by Defendants as a delivery boy from approximately May 2003 through the present. During the course of his employment, Plaintiff Castillo has worked at Spice Uptown and Spice University.

23.  Plaintiff Amado Martinez ("Plaintiff Amado") is an adult individual residing in New York City, New York County. Plaintiff Amado was employed by Defendants as a delivery boy from approximately November 2001 through 2004. During the course of his employment, Plaintiff Amado worked at Spice Uptown, Spice University, and Peep Soho.

*Defendants*

24.  Upon information and belief, Bangkok Palace II, Inc. is a domestic corporation organized and existing under the laws of the State of New York. It maintains its corporate headquarters and operates a restaurant called Spice Uptown at 1411 2nd Avenue, New York, New York 10021.

25.  Upon information and belief, Spice Place, Inc. is a domestic corporation organized and existing under the laws of the State of New York. It maintains its corporate

headquarters and operates a restaurant called Spice University at 60 University Place, New York, New York, 10003.

26.     Upon information and belief, Spice City, Inc. is a domestic corporation company organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called SEA Williamsburg at at 114 N. 6th Street, Brooklyn, New York 11211.

27.     Upon information and belief, Spice West, Inc. is a domestic corporation company organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called Peep Soho at 177 Prince Street, New York, New York 10012.

28.     Upon information and belief, Kitlen Management, Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters at Spice Uptown located at 1411 2nd Avenue, New York, New York, 10021.

29.     Upon information and belief, Spice Avenue Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters at 44-32 65th Street, Woodside, New York 11377, and operates a restaurant called Spice Chelsea at 199 8th Avenue, New York, New York, 10003.

30.     Upon information and belief, Defendant Kittigron Lirtpanaruk ("Defendant Lirtpanaruk") is an individual engaged in business in the New York City.  Defendant Lirtpanaruk is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

31. Upon information and belief, Defendant Yongyut Limleartvate ("Defendant Limleartvate") is an individual engaged in business in the New York City. Defendant Limleartvate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

32. Upon information and belief, Defendant Juttana Rimreartwate ("Defendant Rimreartwate") is an individual engaged in business in the New York City. Defendant Rimreartwate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

33. Upon information and belief, Defendant Thanadham Thaneesaengsiri ("Defendant Thaneesaengsiri") is an individual engaged in business in the New York City. Defendant Thaneesaengsiri is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

34. Upon information and belief, Defendant Karnda Vajirabanjong ("Defendant Vajirabanjong") is an individual engaged in business in the New York City. Defendant Vajirabanjong is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

35. Upon information and belief, Defendant Kevin Leathers ("Defendant Leathers") is an individual engaged in business in the New York City. Defendant Leathers is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

36. Upon information and belief, Defendant Yuanyong Rimreartwate ("Defendant Rimreartwate") is an individual engaged in business in the New York City. Defendant Rimreartwate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

37. Defendants employed Plaintiffs as delivery personnel, dishwashers and/or food preparation assistants and indirectly required them to provide their own uniform shirts and bicycles, and refused to compensate them or reimburse them for these expenses.

38. Plaintiffs regularly worked in excess of 40 hours a week and more than 10 hours a day.

39. Plaintiffs received tips from Defendants' customers. However, Defendants failed to inform the Plaintiffs that their tips were supposed to be credited towards the payment of the minimum wage and did not keep adequate records of tips received by Plaintiffs.

40. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

41. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.

42. Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, hours worked each day, or total hours worked each week.

43. Defendants forced Plaintiffs to use fake social security numbers with the specific intent of defrauding federal and state laws. In approximately January 2006, the State of New York Office of the Attorney General initiated an audit of the Spice Group's employment and compensation practices. Plaintiffs were required to split their 6-day work week between two restaurant locations. Defendants forced Plaintiffs to work 3 days a week at one Spice Group restaurant under their valid social security number, and work the remaining 3 days at a different Spice Group restaurant under a fake social security number.

*Defendants' Organizational Structure*

44. Upon information and belief, the Spice Group is comprised of six corporations that act in partnership with one another - Spice Place, Inc., Spice Ave, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc. Upon information and belief, the chain of Thai restaurants includes:

    a.    Spice University
           60 University Place
           New York, New York 10003

    b.    Spice Chelsea
           199 8th Avenue
           New York, New York 10011

    c.    Spice Uptown
           1411 2nd Avenue
           New York, New York 10021

    d.    SEA Williamsburg
           114 N. 6th Street
           Brooklyn, New York 11211

    e.    SEA Bistro
           75 2nd Avenue

>   New York, New York 10003
>
>   f.   Peep Soho
>        177 Prince Street
>        New York, New York 10012

45.   Upon information and belief, Defendants Kittigron Lirtpanaruk, Yongyut Limleartvate, Juttana Rimreartwate, Thanadham Thaneesaengsiri, Karnda Vajirabanjong, Kevin Leathers, and Yuanyong Rimreartwate are the owners and/or executive directors of the Spice Group Thai restaurants.

46.   Upon information and belief, each individual Defendant was the principal, agent, partner, joint venturer, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest or predecessor in interest of the other Defendants, and/or was engaged with the other Defendants in a joint enterprise for profit, and bore such other relationships to the other Defendants so as to be liable for their conduct.

47.   At all relevant times, one or more Defendants employed and/or jointly employed one or more Plaintiffs.

48.   The gross annual volume of sales made or business done by Spice Group, for each year in existence, was not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated).

49.   At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

50. On information and belief, there are over sixty current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

51. The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action.

52. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

*Class Action Claims*

53. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

54. Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, June 2001, to entry of judgment in this case (the "New York Class Period"). All said persons, including Plaintiffs, are referred to herein as the "New York Class."

55. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which

the calculation of that number are presently within the sole control of Defendants, there are approximately over 50 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

56.   The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

57.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

58.   Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59.   The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical

of those of class members.

60. There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

   a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

   b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

   c. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

   d. whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

   e. whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

   f. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

   g. what are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

**FIRST CAUSE OF ACTION**
**Violation of the Minimum Wage Provisions of the FLSA**

61. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

62. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

63. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

65. Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Violation of the Overtime Provisions of the FLSA**

68. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69. Defendants intentionally failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

72. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

73. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

74. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

75. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

76. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Violation of the Overtime Provisions of the New York State Labor Law

78. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79. Defendants willfully failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 et seq. and regulations of the New York State Department of Labor.

80. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

81. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order of the New York Commissioner of Labor

83. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten in violation of N.Y. Lab. Law § 190 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §137-1.7 and 137-3.11.

85. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

86. Defendants' failure to pay Plaintiffs an additional hour pay for each day Plaintiffs spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request the Court enter judgment against Defendants:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

C. Awarding Plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

D. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

E. Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to Section 98 of the New York Labor Law;

F. Awarding Plaintiffs prejudgment interest;

G. Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
    Michael Faillace [MF-8436]
    110 East 59th Street, 32nd Floor
    New York, New York 10022
    (212) 317-1200