Michael Faillace & Associates, P.C.
Michael Faillace [MF-8436]
John Karol [JK-9899]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200

Peter G. Eikenberry
74 Trinity Place, Suite 1609
New York, NY 10006
212-385-1050
Fax: 212-385-1017
Email: pete@eikenberrylaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, KITTIGRON LIRTPANARUK, and YONGYUT LIMLEARTVATE,<br><br>*Defendants*. | **[Proposed] Class and Collective Action Notice**<br><br>**07 CV 4657 (RWS)(DFE)**<br><br>**FLSA Collective Action**<br><br>**FRCP Rule 23 Class Action**<br><br>**ECF Case** |

------------------------------------------------------------------------X

**NOTICE OF PENDENCY OF FLSA COLLECTIVE ACTION AND CLASS ACTION**

**IF YOU WERE A DELIVERY PERSON EMPLOYED BY EMPLOYED AT RESTAURANTS OPERATED BY SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, KITTIGRON LIRTPANARUK, OR YONGYUT LIMLEARTVATE (COLLECTIVELY THE "SPICE GROUP"), FROM JUNE 1, 2001 TO THE PRESENT, PLEASE READ THIS NOTICE**

To:   All current and former hourly employees who were employed as **delivery persons** at restaurants owned by the Spice Group from June 1, 2001 to the present.

The purpose of this Notice is to notify you of a lawsuit that has been filed against the Spice Group by Marlon Castro, Octavio Rangel, Martin Vasquez, Alfredo Martinez, Rodolfo Mendez, Gerardo Angulo, Juan Martinez, Jose Cervantes, Sergio Sanchez, Isreal Sanchez, Martine Perez, Guillermo Mendoza, Omar Castillo and Amando Martinez (also called "the Plaintiffs" or the "Named Plaintiffs" in this lawsuit). Plaintiffs are suing the Spice Group for unpaid wages, for unpaid overtime, and other remedies available to them under the Fair Labor Standards Act and the New York Labor Law. This lawsuit was brought in the United States District Court for the Southern District of New York, and is identified as Index No. 07 CV 4657. This notice is to advise you of the legal rights you may have in connection with this lawsuit, and to inform you about how you may participate in this lawsuit.

1.   **What is this notice about?**

This notice is an official court notice to let you know about a "class action" lawsuit in which you may be a "class member" if you worked at a restaurant owned by the Spice Group between June 1, 2001 and the present.

This notice also will advise you of how your rights may be affected by this suit, and will instruct you on your options for participating in this suit if you so desire.

This notice is authorized by the Court, and is not a solicitation from a lawyer.

2.   **What is the lawsuit about?**

Plaintiffs worked at restaurants owned by the Spice Group as delivery persons. The Plaintiffs sued the Spice Group, claiming that:

2

- they were not paid overtime at a rate of time-and-one-half for all hours that they worked over 40 hours in one week;
- they did not earn the federal or state minimum wage; and
- they were not paid an extra hour at the state minimum wage rate when the spread of hours from their start time to their finish time in a day was more than 10 hours.

The Spice Group denies any wrongdoing or any liability to any Plaintiff, or any other past or present employee. The Spice Group further denies that Plaintiffs' claims have merit and they will assert various defenses against those claims. The Spice Group alleges that all delivery persons were properly compensated at all times.

The Court has not decided who is right and who is wrong. More information about your rights to overtime pay can be found at the website of the U.S. Dept. of Labor, (www.dol.gov) and at the website of the New York State Dept. of Labor (www.labor.state.ny.us).

However, since the Plaintiffs have filed what is known as a "collective action" and a "class action" (explained directly below) your legal rights may be affected by this lawsuit, and you have a choice to make now.

## 3.     What Are Collective Actions and Class Actions?

The Plaintiffs filed this case as both a "collective action" and a "class action," which means that they filed it for themselves and for all of the other employees of the Spice Group who were "similarly situated" to them. Broadly speaking, workers who are "similarly situated" worked at restaurants owned by the Spice Group as delivery persons at any time between June 1, 2001 and the present. If you worked as a delivery person during this time period, you may participate, and may be included in this lawsuit as described below.

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims pursuant to the federal Far Labor Standards Act. All delivery persons who decide to participate in the case by filing the attached "Consent to Sue" with the Court become "Opt-In Plaintiffs." One court decides the issues for everyone who decides to join the case as opt-in plaintiffs.

In a class action lawsuit, one or more persons called "class representatives" sue on behalf

of other people who have similar claims. In this case, the Class Representatives sued the Spice Group under the New York Labor Law. The procedure for class action lawsuits is different from the procedure for collective action lawsuits. For the New York State Labor Law claims, people are automatically included in the case, except for those persons who choose to exclude themselves from the case and file and "Opt Out" form.

Without deciding whether any party is right or wrong, the Court decided that this lawsuit can be a collective action (because it meets the requirements under FLSA§216(b)). Essentially this means that the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to deliver persons employed at restaurants owned by the Spice Group.

The Court also decided, without deciding whether any party is right or wrong, that the lawsuit can also be a Class Action under Rule 23 of the Federal Rules of Civil Procedure. This essentially means that the Court found that:

- There are a sufficient number of potential class members to proceed as a class action;
- There are legal questions and facts that are common to each member of the class;
- The Class Representatives' claims are typical of the claims of the rest of the class members;
- The Class Representatives and the lawyers will fairly and adequately represent the Class' interests;
- The common legal questions and facts predominate over, and are more important than, questions that affect only individuals; and
- The Class Action will be more efficient than bringing many individual lawsuits.

More information regarding this Court's decision to certify the class action and collective action can be found in the Court's Decision and Order, dated [_____], and can be obtained by contacting Class Counsel.

**4.    Why did I get this notice?**

You received this notice because the lawyers for Plaintiffs or the Spice Group have information that may indicate that you are potentially a class member in this case. For example, we may have known to contact you because the Spice Group may have had your name or contact

information in a database of their employees.

If you qualify as a class member, or a collective action member, it means that you may be entitled to damages as a result of this lawsuit. However, you should carefully read the section below entitled "10. Your right to make a claim in this lawsuit" in order to see (1) if you may qualify, and (2) what you need to do if you do qualify to make a claim.

In addition, you may know other workers who worked at restaurants owned by the Spice Group as delivery persons between June 1, 2001 and the present. If they did not receive a copy of this notice, you may tell them to call the Plaintiffs' lawyers at (212) 317-1200 to get a copy of this notice.

**5.**     **What is the Spice Group's Position?**

The Spice Group denies that they improperly paid any current or former employees, and they deny that any current or former employees are entitled to any additional compensation or other relief.

**6.**     **Has the Court Decided Who is Right?**

The Court has not decided whether the Spice Group or the Plaintiffs are right. By granting Plaintiffs' application for class certification and collective action certification, the Court is not suggesting that the Plaintiffs will win or lose the case.

**7.**     **What are Plaintiffs Asking For?**

Plaintiffs are asking to recover damages for unpaid overtime, wages, liquidated damages (double damages under the FLSA), interest and injunctive relief to stop these practices in the future. Plaintiffs also seek to recover costs and attorneys' fees.

**8.**     **Is there any Money Available Now?**

No money or benefits are available now because the Court has not yet decided whether the Spice Group has done anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share.

**9.   Who is the Class Counsel / Who Do I Contact for Help?**

The attorneys for the Plaintiffs, who are also the Class Counsel, can be reached at the following addresses:

> **Spice Group Litigation**
> **c/o Michael Antonio Faillace, Esq.**
> **Law Office of Michael Faillace and Associates, P.C.**
> **110 East 59th Street, 32nd Floor**
> **New York, NY 10022**
> **212-317-1200**
> **Fax: 212-317-1620**
> **Email: faillace@employmentcompliance.com**

**Or,**

> **Spice Group Litigation**
> **c/o Peter G. Eikenberry**
> **74 Trinity Place, Suite 1609**
> **New York, NY 10006**
> **212-385-1050**
> **Fax: 212-385-1017**
> **Email: pete@eikenberrylaw.com**

Any notices, including any "**Consent to Sue**" or "**Opt Out**" forms, should be sent to the above addresses. For an explanation of these forms, please read section 10, below.

If you have any questions about whether you are entitled to join this action, how to join this action, or how to opt-out of this action, you may write to the above address, or simply call Michael Faillace & Associates, P.C. at 212-317-1200, or the Law Office of Peter G. Eikenberry at 212-385-1017 and state that you are requesting assistance regarding the Spice Group Litigation. Anyone with questions about, or information regarding, this lawsuit may contact Class Counsel by calling the above numbers.

The Court decided that the law firms of Michael Faillace & Associates, P.C., and Law Office of Peter G. Eikenberry are qualified to represent you and all Class Members, and has designated these firms as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers.

A class member may, if the member so desires, enter an appearance in this lawsuit

through an attorney other than Class Counsel. You do not need to hire your own lawyer because Class Counsel will be working on your behalf. If you want to hire your own lawyer, you may do so, but you have to pay that lawyer. You can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

If Class Counsel gets money or benefits for the delivery persons, they may ask the Court for fees and expenses. You will not have to pay these fees and expenses. If the Court grants the request of Class Counsel, the fees and expenses would be either deducted from any money obtained for the delivery persons, or paid separately by the Spice Group.

If you sign and mail a "consent to sue" form, and therefore become an "opt-in plaintiff," you will become a client of the above attorneys who represent the plaintiffs in the lawsuit. Plaintiffs' counsel are handling this matter on a contingency basis, i.e. that the attorneys' fees and costs will be determined on a percentage basis based on the recovery on behalf of Plaintiffs, and that Plaintiffs will not be responsible for fees and/or costs if there is no recovery for the Plaintiffs. At the conclusion of the case, Plaintiffs' counsel will make an application to the Court for the recovery of fees and costs. The Court has discretion of the amount of fees to award. The fees may be as much as 33 & 1/3 % of any settlement fund or judgment, after the deduction of costs and expenses.

**You will not be required to pay any fee for services provided by Class Counsel, except that a portion of any recovery may be approved by the Court as fees and costs. If there is a recovery in this action, Class Counsel intends to apply to the Court for an award of attorneys' fees and reimbursement of reasonable costs and disbursements from the Defendants at the conclusion of this case.**

**10.    Your Right To Make A Claim In this Case**

Please look this portion over carefully to see if you can apply for a claim against the Spice Group in connection with this lawsuit, or steps you must take to protect your rights.

    **A.    Were You A Delivery Person?**

First, you should examine whether you worked as delivery person at a restaurant owned by the Spice Group at any time between June 1, 2001 and the present. If the

answer is "yes," you may have claims and should continue to part B, below. If you did not, then you will not be able to participate in this lawsuit, and this lawsuit will not affect your rights. This does not indicate that you may or may not have a different claim or cause of action against the Spice Group. It simply means that you do not qualify to participate in this lawsuit and it will not apply to you.

**B**.     **When Did You Work As Delivery Person?**

If you worked as a delivery person at any time between June 1, 2001 and the present, the next step is to examine what time periods you worked for the Spice Group.

This information is important because the Plaintiffs are suing under both the Fair Labor Standards Act (abbreviated as the "FLSA"), which is a federal wage and hour law, and under a similar New York State statute, the New York Labor Law (abbreviated as the "NYLL"). The FLSA and the NYLL have different periods of time that they apply to. In your matter, the FLSA only applies to the time period between June 1, 2004 and today. The NYLL applies to the time period between June 1, 2001 and the present.

The procedures for filing under these two different statutes were discussed above in section 3, which explained the difference between a "collective action" under the FLSA, and a "class action" which will control the NYLL claims. One or both may apply depending on when you worked for the Spice Group. Please review your records, and find out what periods of time you worked for the Spice Group, then proceed to the steps below.

Depending on when you worked for the Spice Group, you will have different choices to make. These choices are split up into three time periods as follows:

    i.    If you only worked for the Spice Group after June 1, 2004, read section i, below.

    ii.    If you worked for the Spice Group in the Period between June 1, 2001 and June 1, 2004, AND you continued to work for the Spice Group at any time after June 1, 2004, read section ii, below.

    iii.    If you worked for the Spice Group ONLY in the Period between June 1, 2001, and June 1, 2004, read section iii, below.

If you did not work for one of these time periods, this lawsuit will not apply to you.

**i.** **If you only worked for the Spice Group after June 1, 2004:**

If you only started working for the Spice Group starting after June 1, 2004, you may only participate in this action for claims under the FLSA. This means that if you want to make a claim, you need to become a "collective action" member, and must file a consent form that allows you to become a "party plaintiff." To do so, you must fill in the form attached to this notice called the "**Consent to Sue**" form.

<u>You have two options if you qualify under this section (i):</u>
(Worked for the Spice Group after June 1, 2004)

(A).  If you wish to make a claim and participate in this lawsuit, you should fill out the attached **"Consent to Sue"** form and send it to Class Counsel, postmarked no later than _____, 2008. If you choose this option, you will be a Plaintiff in the case. By becoming a Plaintiff, you will be eligible to seek additional damages, called "liquidated damages" equal to two-times any unpaid federal minimum wages or overtime wages. While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.

(B).  You can also decide to do nothing. If you do nothing, you will not be included in the case, and you may bring your own individual action if you wish.

**ii.** **If you worked for the Spice Group in the Period between June 1, 2001, and June 1, 2004, AND you also continued to work for the Spice Group**
**At any time after June 1, 2004:**

If you worked for the Spice Group starting after June 1, 2001, and worked for the Spice Group for any period of time between June 1, 2004 and today, you may have claims under BOTH the FLSA and the NYLL.

This means that you may qualify under a FLSA "collective action," for which you will need to file a "**Consent to Sue**" form if you want to join this lawsuit and make a claim for any time you worked between June 1, 2004 and today. You may also choose not to participate, and may bring your own claims through a different action.

In addition, you may qualify as a "class action" class member for your time worked for the Spice Group for any time period between June 1, 2001 and June 1, 2004. To make a claim for this time, you do not have to do anything. The Court has granted a "class-certification" for all delivery persons employed during this time period, and you will be **automatically** included in this time period unless you directly request to be removed from this lawsuit. This means that your rights to collect damages for the period between June 1, 2001 and June 1, 2004 will be decided by this lawsuit, whether you participate in it or not. You may be awarded damages or may be awarded nothing, but <u>your rights will be decided by this lawsuit unless you specifically fill out a form to be removed from the lawsuit</u>, as described below.

If you wish, you may ask to be removed from the portion of the lawsuit that covers claims between June 1, 2001 and June 1, 2004. A request to be removed from the lawsuit is called "Opting-Out." If you wish to opt-out, you need to fill out the attached "**Opt Out**" form. If you fill out this form, you will not have your claims decided in this lawsuit, and you will collect nothing if this lawsuit is successful.

> <u>You have four options if you qualify under this section (ii)</u>:
> (Worked for the Spice Group between June 1, 2001 and June 1, 2004, and also after June 1, 2004 to the present)
>
> (A)   If you want to make a claim in this lawsuit for both the NYLL and FLSA periods because you want to make claims for all the time you worked between June 1, 2001 and today, you should (1) only fill out the **"Consent to Sue"** form, and (2) do NOT fill out the Opt Out form. You should fill out the attached **"Consent to Sue"** form and send it to Class Counsel, postmarked no later than _____, 200\_\_.

>  If you choose this option, you will be a Plaintiff in the case. By becoming a Plaintiff, you will be eligible to seek additional damages, called "liquidated damages" equal to two-times any unpaid federal minimum wages or overtime wages.
>
>  Further, if you do not file your Opt Out form, if there is a monetary judgment or settlement in favor of the plaintiffs on the NYLL "class action" claims in the case, you will be able to receive money from that judgment or settlement. However, if you take this option, although you will be automatically included in the lawsuit for claims between June 1, 2001 and June 1, 2004, you will be giving up the opportunity to seek liquidated and other damages unique to the NYLL.
>
>  While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.

(B)  If you do NOT want to make any claims at all in this lawsuit, you should NOT fill out the Consent to Sue form, and **must** fill out the "**Opt-Out**" Form. If you take this course of action, this lawsuit will not apply to your ability to bring claims. You will not collect any money if this lawsuit is successful, and will not be prevented from bringing your own action.

(C)  If you wish to make a claim ONLY for damages under the FLSA (for claims since June 1, 2004), and NOT for any damages under the NYLL, between June 1, 2001 and June 1, 2004, you need to do the following:

>  (1) fill out the **"Consent to Sue"** form, and
>
>  (2) also fill out the **Opt Out** Form, which will prevent you from participating in this lawsuit for your damages from June 1, 2001 through June 1, 2004.

>  Under this choice, you will only be participating as an "Opt-In" Plaintiff, and must fill out the attached **"Consent to Sue"** form and send it to Class Counsel, at the address below, postmarked no later than _____, 200__. If you choose this option, you will be a Plaintiff in the case. By becoming a Plaintiff, you will be eligible to seek additional damages called "liquidated damages" equal to two-times any unpaid federal minimum wages or overtime wages. While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.

11

       However, you will not be participating in the NYLL class action claims for any time worked between June 1, 2001 and June 1, 2004. The benefit of not being in the class is that you will be able to collect liquidated damages under the New York Labor Law. However, you will need to sue on your own to attempt to collect these damages.

(D)    If you wish to make a claim ONLY for damages under the NYLL, for claims for working between June 1, 2001 and June 1, 2004, and NOT for any damages under the FLSA (for claims since June 1, 2004), you need to do the following:

    (1)    You do not need to do anything, your participation is automatic.

    This will make you included in the case, but not as a Plaintiff. You will not be able to seek "liquidated damages" for federal minimum wages or overtime wages. You will not receive any money as a result of this lawsuit for any time you may have worked after June 1, 2004 up to the present. If there is a monetary judgment or settlement in favor of the plaintiff class under the NYLL, you will be able to receive money from that judgment or settlement for work you performed for the Spice Group between June 1, 2001 and June 1, 2004. However, you will not receive any liquidated damages for the NYLL claims.

**iii.**    **If you worked for the Spice Group ONLY in the Period between <u>June 1, 2001, and June 1, 2004:</u>**

If you want to make a claim for any time period between June 1, 2001 and June 1, 2004, you should not do anything. The Court has granted a "class-certification" for all delivery persons employed during this time period, and you will be **automatically** included in this time period unless you directly request to be removed from this lawsuit. This means that your rights to collect damages for the period between June 1, 2001 and June 1, 2004 will be decided by this lawsuit, whether you participate in it or not. You may be awarded damages or may be awarded nothing, but <u>your rights will be decided by this lawsuit unless you specifically fill out a form to be removed from the lawsuit</u>, as described below.

    Additionally, by automatically participating in this class action, while you

do not have to do anything, you are giving up your right to liquidated damages under the NYLL, which can be awarded for an additional 25% of your unpaid wages, over-time, or spread-of-hours damages.

If you wish, you may ask to be removed from the portion of the lawsuit that covers claims between June 1, 2001 and June 1, 2004. A request to be removed from the lawsuit is called "Opting-Out." If you wish to opt-out, you need to fill out the attached "**Opt Out**" form. If you fill out this form, you will not have your claims decided in this lawsuit, and you will collect nothing if this lawsuit is successful.

<u>You have these two options if you qualify under this section (iii)</u>:
(Worked for the Spice Group between June 1, 2001 and June 1, 2004)

(A)  If you wish to make a claim for damages under the NYLL (for claims for working between June 1, 2001 and June 1, 2004), you need to do the following:

(1)  You do not need to do anything, your participation is automatic.

This will make you included in the case, but not as a Plaintiff. You will not be able to seek "liquidated damages" for minimum wages or overtime wages. If there is a monetary judgment or settlement in favor of the plaintiff class under the NYLL, or on the other class claims in the case, you will be able to receive money from that judgment or settlement for work you performed at the Spice Group between June 1, 2001 and June 1, 2004

(B)  If you wish, you may ask to be removed from the portion of the lawsuit that covers claims between June 1, 2001 and June 1, 2004. A request to be removed from the lawsuit is called "Opting-Out." If you wish to opt-out, you need to fill out the attached "**Opt Out**" form. If you fill out this form, you will not have your claims decided in this lawsuit, and you will collect nothing if this lawsuit is successful. However, you will preserve your right to bring your own action with your own counsel, and make claims for additional liquidated damages under the NYLL.

**11.   What are my Rights Regarding Immigration / Worker Status?**

**YOU HAVE A RIGHT TO PARTICIPATE IN THIS CASE EVEN IF YOU ARE AN UNDOCUMENTED IMMIGRANT.**  The FLSA and NYLL do not require that you legally be able to work in this country or state to bring a lawsuit.  This means that you should not be intimidated into not joining the lawsuit, or collecting any possible damages to which you may be entitled, simply because you may not legally work in this country or all or some of the time in question in this lawsuit.

**12.**     **What are my Rights and Protections Against Retaliation?**

**IT IS AGAINST THE LAW FOR ANYONE TO RETALIATE AGAINST ANY POTENTIAL "CLASS MEMBER" FOR EXERCISING HIS OR HER RIGHTS IN THIS CASE.**   If you think anyone has retaliated against you, or has threatened to retaliate in any way, call Michael Faillace & Associates, P.C. immediately at (212) 317-1200 (if you are in immediate danger, you should dial 911).

**13.**     **What should I do if my address changes?**

**WRITE TO MICHAEL FAILLACE & ASSOCIATES, P.C. OR THE LAW OFFICE OF PETER G. EIKENBERRY IF YOU CHANGE YOUR ADDRESS.**  Without a current address, it may not be possible to keep you informed of developments in the case.

**14.**     *DO NOT* **CALL THE COURT OR THE CLERK OF THE COURT**

You should not contact the Court or the Clerk of the Court regarding questions you may have with respect to this notice.  Please direct your questions to Class Counsel.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others similarly situated, | **[Proposed] Class and Collective Action Notice**  **07 CV 4657 (RWS)(DFE)**  **FLSA Collective Action**  **FRCP Rule 23 Class Action**  **ECF Case** |

*Plaintiffs*,

-against-

SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT,
KITTIGRON LIRTPANARUK, and YONGYUT LIMLEARTVATE,

*Defendants.*
------------------------------------------------------------------------X

    By signing below, I, _____, certify that I have read the Notice of Pendency and that I consent to become a party plaintiff in this lawsuit and be bound by any decision herein.

    I am an employee who is currently employed, or who was formerly employed, as a delivery person at a restaurant owned by the Spice Group at some point in time after June 1, 2004.

    I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the professional services agreement signed by the named Plaintiffs in this case.

    Name (Print): _____

    Signature: _____

    Date: _____

    Address: _____

15

                                                                            _____

Phone No.:   _____

Appointment of Attorney: **CHECK ONE**

\_\_\_   I appoint: Michael Faillace & Associates, P.C., 110 E. 59th Street, 32nd Fl, New York, NY 10022, (212) 317-1200, and The Law Office of Peter G. Eikenberry, 74 Trinity Place, Suite 1609, New York, NY 10006, 212-385-1050, as my attorneys in this matter.

\_\_\_   I appoint: _____as my attorney in this matter.

\_\_\_   I do not wish to be represented by an attorney at this time and all communications in this matter should be directed to me at the above address.

Once completed, please send this form to one of the following addresses of Class Action / Collective Action Counsel:

**Spice Group Litigation**
**c/o Michael Antonio Faillace, Esq.**
**Law Office of Michael Faillace and Associates, P.C.**
**110 East 59th Street, 32nd Floor**
**New York, NY 10022**
**212-317-1200**
**Fax: 212-317-1620**
**Email: faillace@employmentcompliance.com**

**or**

**Spice Group Litigation**
**c/o Peter G. Eikenberry**
**74 Trinity Place, Suite 1609**
**New York, NY 10006**
**212-385-1050**
**Fax: 212-385-1017**
**Email: pete@eikenberrylaw.com**