**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

MARLON CASTRO, OCTAVIO RANGEL,            07 CV 4657 (RWS)(DFE)
MARTIN VASQUEZ, ALFREDO MARTINEZ,
RODOLFO MENDEZ, GERARDO ANGULO, JUAN
MARTINEZ, JOSE CERVANTES, SERGIO
SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ,
GUILLERMO MENDOZA, OMAR CASTILLO, and    **REPLY AFFIDAVIT**
AMANDO MARTINEZ, individually and on behalf of
others similarly situated,                **FLSA COLLECTIVE**
                                          **ACTION**

                              *Plaintiffs*,

                -against-                 **Rule 23 Class Action**

SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,    **ECF Case**
SPICE WEST, INC., KITLEN MANAGEMENT,
KITTIGRON LIRTPANARUK and YONGYUT
LIMLEARTVATE,

                              *Defendants.*
-----------------------------------------------------------------X
STATE OF NEW YORK              )
                              )   ss.
COUNTY OF NEW YORK            )

Peter G. Eikenberry, being duly sworn, says:

1.  I am one of the attorneys for plaintiffs and I make this reply affidavit in further

support of plaintiffs' motion for class and collective action certification and in reply to

Mr. Lipman's letters to the Court of May 29 and June 3, 2008 (the "May 29 letter" and

the "June 3 letter" respectively.)

2.  Pursuant to Your Honor's Order of May 28, 2008, and Local Civil Rule 6.1,

defendants were to file opposition papers on June 4 and plaintiffs are to file reply papers

as of today.

3.  Within the past two or three weeks in separate telephone conversations, I asked

both Juno Turner and Richard Signorelli if there was a draft settlement document which had been circulated between defendants and the Attorney General's office.

4.   In each instance, I was informed that there was no such document.

5.   Ms. Turner stated only that she had circulated copies of settlement agreements which had been implemented in the past in circumstances not involving the parties herein.

6.   I am somewhat puzzled to now be informed in the June 3 letter that a draft settlement document involving defendants was circulated between defendants and the Attorney General's office in January 2008.

7.   As to class discovery, we will now be seeking discovery of the relationships among the defendant corporations and the individual officers and as to the corporate defendants' activities on behalf of the corporate defendants and we will seek the Court's permission to make a supplemental submission as to the results of such discovery.

8.   However, even without discovery it is obvious that the separate corporations are run as one.

9.   As is set forth in affidavits of plaintiffs previously submitted, the delivery employees of defendants were shifted from location to location, yet in each location the same practices were followed of working the plaintiff delivery persons for long hours at illegal wages-- both regular and overtime. (See Exhibits D, E, G, I, J, K, M, N, O,P, Q and R.)

10. Also, for example,  plaintiff Alfredo Mendez Martinez was paid by three different defendant corporations for the same week in 2006 (see Ex. S.)

11. As is set forth in the attached Appendix A, different restaurant locations have

addresses corresponding to various of the corporate defendants' official addresses as listed in New York Department of State public records.

12. Although most "wage and hour plaintiffs" usually do not have six figure claims and cases are commonly settled for four and five figure amounts, I have settled several cases in the last eighteen months for about a dozen plaintiffs for a total amount of approximately $450,000.

13. Mr. Faillace will represent to the Court that in the past two years he has settled wage and hour cases for numerous plaintiffs for a total amount of over $1,250,000.

14. The Attorney General's office has apparently collected the documents from defendants which are relevant to this action and these documents should be readily available in discovery.

15. In our June 2, 2008, letter to the Court, we cited the disparity between the well founded claims of representative plaintiffs and the proposed settlement amounts for these respective plaintiffs supplied to us by the Attorney General.

16. We expect that no more than three to five of our twenty five clients will accept the prospective Attorney General's settlement if approved by the Court.

17. The fact, as stated in the June 3 letter (FN# 1), that the Attorney General has found the claims against defendants appropriate for "class" treatment supports the logic that class treatment is appropriate; defendants apparently agree as is evidenced by their apparent eagerness to consummate a class wide settlement with the Attorney General.

Wherefore, plaintiffs respectfully ask the Court to grant plaintiffs' motion for class and collective action certification submitted without opposition since defendants have chosen not to file timely opposition papers.

_____
Peter G. Eikenberry

Sworn to before me
this 9th day of June 2008.


_____
Notary Public

# APPENDIX A

| APPENDIX A | | | |
|---|---|---|---|
| **Employee** | **Restaurant Name** | **Corporate Address Same as Restaurant** | **Officer/Director Listed with NYS Dept. of State** |
| Omar Castillo | SEA 2nd Ave. | Kitlen, Inc. | Kittigorn Lirtpanaruk |
| Omar Castillo | Spice Chelsea | ? | ? |
| Omar Castillo | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Ramiro Lopez | SEA 2nd Ave. | Kitlen, Inc. | Kittigorn Lirtpanaruk |
| Ramiro Lopez | Spice Uptown | Kitlen Management, Inc. | Kittigorn Lirtpanaruk |
| | | Bangkok Palace II, Inc. | Juttana Rimreartwate |
| Alfredo Mendez Martinez | SEA Brooklyn | Spice City, Inc. | Phakphoom Sirisuwat |
| Alfredo Mendez Martinez | SEA 2nd Ave. | Kitlen, Inc. | Kittigorn Lirtpanaruk |
| Alfredo Mendez Martinez | Spice Uptown | Kitlen Management, Inc. | Kittigorn Lirtpanaruk |
| | | Bangkok Palace II, Inc. | Juttana Rimreartwate |
| Marlon Castro | Spice Chelsea | ? | ? |
| Marlon Castro | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Marlon Castro | Spice Uptown | Kitlen Management, Inc. | Kittigorn Lirtpanaruk |
| | | Bangkok Palace II, Inc. | Juttana Rimreartwate |
| Martin Vasquez | Spice Chelsea | ? | ? |
| Martin Vasquez | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Martin Vasquez | SEA 2nd Ave. | Kitlen, Inc. | Kittigorn Lirtpanaruk |
| Jose Cervantes | SEA Brooklyn | Spice City, Inc. | Phakphoom Sirisuwat |
| Jose Cervantes | SEA 2nd Ave. | Kitlen, Inc. | Kittigorn Lirtpanaruk |
| Jorge Rosas | Spice Chelsea | ? | ? |
| Jorge Rosas | Spice Uptown | Kitlen Management, Inc. | Kittigorn Lirtpanaruk |
| | | Bangkok Palace II, Inc | Juttana Rimreartwate |
| Juan Martinez | Spice Chelsea | ? | ? |
| Juan Martinez | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Rodolfo Mendez | Spice Chelsea | ? | ? |
| Rodolfo Mendez | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Sergio Sanchez | Spice Chelsea | ? | ? |
| Sergio Sanchez | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Israel Rodriquez Sanchez | Spice Chelsea | ? | ? |
| Israel Rodriquez Sanchez | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| Gerardo Angulo | Spice Chelsea | ? | ? |
| Gerardo Angulo | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |

# APPENDIX A

| | | | |
|---|---|---|---|
| Guillermo Mendoza | Spice Chelsea | ? | ? |
| Guillermo Mendoza | Spice University | Spice Place, Inc. | Thanadham Thaneesaengsiri |
| | | | |