**E X H I B I T  A**

**AFFIDAVIT**

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF QUEENS    )

          Kittigron Lirtpanaruk , being duly sworn, deposes and says:

      1.     I reside in the State of New Jersey.

      2.     I have been named as an individual defendant in United States District Court, Southern District of New York Index No. 07 CV 4657 (RWS).

      3.     The defendant restaurants are separate corporations that do not have identical owners - and each has a different corporate president, except for two of the restaurants which have the same president.

      4.     The defendant restaurants did not co-mingle funds.  Each has a separate bank account and calculates profits or losses for its own shareholders.

      5.     The defendant restaurants had different labor practices which changed over time during the relevant time period. For example, there was no uniformity at the individual restaurants with respect to schedules, policies regarding non-meal break times, recording time and other wage-hour practices.

      6.     Each restaurant has had a wage-hour poster, including notice about tips posted for in or about the relevant time period.

      7.     Defendant Yongyut Limleartvate and I relied on General Managers and an outside consultant to comply with the wage-hour laws and did not directly handle day-to-day operations at any of the defendant restaurants.  The General Manager for each defendant restaurant was responsible for day to day operations and was in charge of many of the wage-

related practices at his or her restaurant.

8.    The General Managers determined some of the wage practices at each restaurant.

9.    The defendant restaurants do not act in partnership with one another and there is no "Spice Group" as alleged in paragraphs 2 and 3 of the Complaint.

10.    Defendant Yongyut Limleartvate and I were not joint employers and generally were not involved with hiring, firing, supervising (except for General Managers and Chefs) or controlling work conditions.

11.    Defendant Yongyut Limleartvate and I did not have personal responsibility for maintaining employment records.

_____

Kittigron Lirtpanaruk

Sworn to before me this

_16th_ day of July 2008.

_____
Notary Public

ROBERT D. LIPMAN
NOTARY PUBLIC, State of New York
No. 4972967
Qualified in Nassau County
Commission Expires October 9, 2010

2

# EXHIBIT B

STATE OF NEW YORK
Office of the Attorney General
120 Broadway
New York, NY 10271

**ELIOT SPITZER**
*Attorney General*

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

THE PEOPLE OF THE STATE OF NEW YORK

TO:     **KITLEN, INC.**
        **d/b/a Sea**
        (via Personal Service)
        75 Second Avenue
        New York, NY 10003

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to

(1) produce certain items, listed below, on the **22nd day of September, 2005, at 10:00 a.m.**

and

(2) appear and testify on the **29th day of September, 2005, at 11:00 a.m.**

at the offices of the New York State Attorney General's Office, Labor Bureau, 120 Broadway, 26th

Floor, New York, New York 10271, in an inquiry by ELIOT SPITZER, Attorney General of the State

of New York, to determine whether an action or proceeding should be instituted against **KITLEN,**

**INC. d/b/a SEA; KITTIGRON LIRTPANARUK; BO CY SHANE; JUTTANA**

**RIMREARTWATE, and any other officers,** pursuant to Executive Law § 63(12) for alleged

violations of Labor Law § 652 et al., and relevant regulations, 29 U.S.C. § 207 for failure to pay

minimum and overtime premium wages and Labor Law §215 for retaliation against employees who

exerted their rights under the labor law.

TAKE FURTHER NOTICE THAT for purposes of responding to this subpoena, the

following definitions shall apply:

a)    The term "person" means any individual, corporation, partnership or other business entity.

b)    The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

c)    The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

d)    The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

e)    The term "Sea" refers to **KITLEN, INC. d/b/a SEA; KITTIGRON LIRTPANARUK; BO CY SHANE; JUTTANA RIMREARTWATE** and all or any of its agents, employees, attorneys, predecessors, successors, parents, affiliates, or subsidiaries.

f)    The term "employee" refers to all of Sea's employees including, but not limited to, cooks and chefs, and their assistants, dishwashers, waiters and waitresses, busboys, secretaries, receptionists, workers who pack orders for deliveries ("delivery packers"), and delivery workers, regardless of whether they may be compensated as salaried, hourly, or tipped employees.

PLEASE TAKE FURTHER NOTICE that:

1.    This request is a continuing request requiring supplemental responses in the event that between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

2.    If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results

2

thereof, and to furnish the information to whatever extent possible.

3.    If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following:

1.    Any and all payroll records, or other such documents, that identify the name, social security number, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and/or money paid in cash to all employees of SEA from September 1999 to the date on which a return is made to this subpoena.

    a)    Subpoenaed documents should include but are not limited to, any and all written or computer payroll documents prepared for SEA by any third-party and/or by any employee of SEA for any third-party.

2.    Any and all time sheets, time cards, schedules, or other documents, showing the shifts and/or hours worked by all employees of SEA from September 1999 to the date on which a return is made to this subpoena. These documents are to be segregated by weekly pay period.

3.    The articles of incorporation, by-laws and charter of SEA including any amendments thereto.

4.    Any and all employee manuals, handbooks, policies, memoranda or other documents detailing responsibilities of the employees of SEA.

5.    Any and all records or documents referring or relating to the receipt, handling, distribution, or treatment of gratuities and/or service charges paid by customers of SEA from September 1999 until the date on which a return is made to this subpoena. This should include any documents, reports, receipts, or records maintained in any form, including but not limited to, written rosters or ledgers, computer databases, printouts, databases, disks or credit card vouchers.

6.    All documents, lists, rosters, compilations, or other documents which reflect the names, telephone numbers, addresses, job titles, and starting and/or ending work date for all employees of SEA from September 1999 to the date on which a return is made to this subpoena.

7.     All documents relating to the following information concerning all employees of SEA from September 1999 to the date on which a return is made to this subpoena: (a) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave earned; and (b) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave taken.

8.     Quarterly and annual New York State and Federal tax returns of SEA including all attachments, for the period of September 1999 to the date a return is made to this subpoena.

9.     Documents concerning the existence and maintenance of workers' compensation insurance coverage, including filings with all appropriate governmental agencies, of SEA for the period of September 1999 to the date a return is made to this subpoena.

10.     Documents concerning the existence and maintenance of unemployment insurance coverage, including filings with all appropriate governmental agencies, of SEA for the period of September 1999 to the date a return is made to this subpoena.

11.     Documents that identify medical, pension, or benefit plan contributions for employees of SEA for the period of September 1999 to the date a return is made to this subpoena.

12.     Any and all documents reflecting the names, addresses, telephone numbers, compensation and positions held over time by each and every officer, director, owner, shareholder and/or partner of SEA from September 1999 to the date a return is made on this subpoena. This includes, but is not limited to, annual and quarterly tax returns or reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13.     Any and all documents showing the name, address, and telephone number of any other business entities, corporations or partnerships for which any officer, director, owner, and/or partner of SEA has an ownership interest, in any amount, during the time period from September 1999 to the date on which a return is made to this subpoena.

14.     Copies of any and all leases entered into by SEA

15.     Documents identifying all of SEA's bank accounts during the time period of September 1999 to the date on which a return is made to this subpoena.

4

16.    Documents identifying any interest in real estate held by SEA.

You are bound by this subpoena to produce the requested items and appear at the examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED SO THAT AN INTERPRETER CAN BE OBTAINED.**

WITNESS, honorable ELIOT SPITZER, Attorney General of the State of New York, on the 6th Day of September, 2005.

|  |  |
|---|---|
| | ELIOT SPITZER |
| | Attorney General of the |
| | State of New York |
| Witnessed: | By: |
| _____ | _____ |
| Assistant Attorney General | Lorelei Boylan |
| | Assistant Attorney General |
| | State of New York |
| | Office of the Attorney General |
| | Labor Bureau |
| | 120 Broadway, 26th Floor |
| | New York, NY 10271 |
| | Telephone No.212-416-8662 |
| | Facsimile No. 212-416-8694 |

5

STATE OF NEW YORK
Office of the Attorney General
120 Broadway
New York, NY 10271

**ELIOT SPITZER**
*Attorney General*

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

THE PEOPLE OF THE STATE OF NEW YORK

TO:    **SPICE PLACE INC.**
(via Personal Service)
60 University Place
New York, NY 10003

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to

(1) produce certain items, listed below, on the **23rd day of September, 2005, at 10:00 a.m.**

and

(2) appear and testify on the **30th day of September, 2005, at 11:00 a.m.**

at the offices of the New York State Attorney General's Office, Labor Bureau, 120 Broadway, 26th Floor, New York, New York 10271, in an inquiry by ELIOT SPITZER, Attorney General of the State of New York, to determine whether an action or proceeding should be instituted against **SPICE PLACE INC; THANADHAM THANEESAENGSIRI, and any other officers,** pursuant to Executive Law § 63(12) for alleged violations of Labor Law § 652 et al., and relevant regulations, 29 U.S.C. § 207 for failure to pay minimum and overtime premium wages and Labor Law §215 for retaliation against employees who exerted their rights under the labor law.

TAKE FURTHER NOTICE THAT for purposes of responding to this subpoena, the following definitions shall apply:

a)    The term "person" means any individual, corporation, partnership or other business

entity.

b)     The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet.  Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

c)     The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

d)     The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

e)     The term "Spice" refers to **SPICE PLACE INC; THANADHAM THANEESAENGSIRI** and all or any of its agents, employees, attorneys, predecessors, successors, parents, affiliates, or subsidiaries.

f)     The term "employee" refers to all of **Spice's** employees including, but not limited to, cooks and chefs, and their assistants, dishwashers, waiters and waitresses, busboys, secretaries, receptionists, workers who pack orders for deliveries ("delivery packers"), and delivery workers, regardless of whether they may be compensated as salaried, hourly, or tipped employees.

PLEASE TAKE FURTHER NOTICE that:

1.     This request is a continuing request requiring supplemental responses in the event that between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

2.     If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

3.     If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced

specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following:

1.      Any and all payroll records, or other such documents, that identify the name, social security number, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and/or money paid in cash to all employees of **SPICE** from September 1999 to the date on which a return is made to this subpoena.

a)      Subpoenaed documents should include but are not limited to, any and all written or computer payroll documents prepared for **SPICE** by any third-party and/or by any employee of **SPICE** for any third-party.

2.      Any and all time sheets, time cards, schedules, or other documents, showing the shifts and/or hours worked by all employees of **SPICE** from September 1999 to the date on which a return is made to this subpoena. These documents are to be segregated by weekly pay period.

3.      The articles of incorporation, by-laws and charter of **SPICE** including any amendments thereto.

4.      Any and all employee manuals, handbooks, policies, memoranda or other documents detailing responsibilities of the employees of **SPICE**.

5.      Any and all records or documents referring or relating to the receipt, handling, distribution, or treatment of gratuities and/or service charges paid by customers of **SPICE** from September 1999 until the date on which a return is made to this subpoena. This should include any documents, reports, receipts, or records maintained in any form, including but not limited to, written rosters or ledgers, computer databases, printouts, databases, disks or credit card vouchers.

6.      All documents, lists, rosters, compilations, or other documents which reflect the names, telephone numbers, addresses, job titles, and starting and/or ending work date for all employees of **SPICE**  from September 1999 to the date on which a return is made to this subpoena.

7.      All documents relating to the following information concerning all employees of **SPICE** from September 1999 to the date on which a return is made to this subpoena: (a) daily, weekly, monthly, and yearly records of personal, vacation,

sick, or other leave earned; and (b) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave taken.

8.    Quarterly and annual New York State and Federal tax returns of **SPICE** including all attachments, for the period of September 1999 to the date a return is made to this subpoena.

9.    Documents concerning the existence and maintenance of workers' compensation insurance coverage, including filings with all appropriate governmental agencies, of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

10.    Documents concerning the existence and maintenance of unemployment insurance coverage, including filings with all appropriate governmental agencies, of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

11.    Documents that identify medical, pension, or benefit plan contributions for employees of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

12.    Any and all documents reflecting the names, addresses, telephone numbers, compensation and positions held over time by each and every officer, director, owner, shareholder and/or partner of **SPICE** from September 1999 to the date a return is made on this subpoena. This includes, but is not limited to, annual and quarterly tax returns or reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13.    Any and all documents showing the name, address, and telephone number of any other business entities, corporations or partnerships for which any officer, director, owner, and/or partner of **SPICE** has an ownership interest, in any amount, during the time period from September 1999 to the date on which a return is made to this subpoena.

14.    Copies of any and all leases entered into by **SPICE.**

15.    Documents identifying all of **SPICE's** bank accounts during the time period of September 1999 to the date on which a return is made to this subpoena.

16.    Documents identifying any interest in real estate held by **SPICE.**

You are bound by this subpoena to produce the requested items and appear at the

examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED SO THAT AN INTERPRETER CAN BE OBTAINED.**

WITNESS, honorable ELIOT SPITZER, Attorney General of the State of New York, on the

6th Day of September, 2005.

ELIOT SPITZER
Attorney General of the
  State of New York

Witnessed:

By: _____

_____
Assistant Attorney General

Lorelei Boylan
Assistant Attorney General
State of New York
Office of the Attorney General
Labor Bureau
120 Broadway, 26th Floor
New York, NY 10271
Telephone No.212-416-8662
Facsimile No. 212-416-8694

5

## STATE OF NEW YORK
### Office of the Attorney General
120 Broadway
New York, NY 10271

**ELIOT SPITZER**
*Attorney General*

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

THE PEOPLE OF THE STATE OF NEW YORK

TO:    **SPICE AVENUE INC.**
(via Personal Service)
199 8th Avenue
New York, NY 10011

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to

(1) produce certain items, listed below, on the 6th day of October, 2005, at 10:00 a.m. and

(2) appear and testify on the 13th day of October, 2005, at 11:00 a.m.

at the offices of the New York State Attorney General's Office, Labor Bureau, 120 Broadway, 26th Floor, New York, New York 10271, in an inquiry by ELIOT SPITZER, Attorney General of the State of New York, to determine whether an action or proceeding should be instituted against **SPICE AVENUE INC.; JUTTANA RIMREARTWATE, and any other officers**, pursuant to Executive Law § 63(12) for alleged violations of Labor Law § 652 et al., and relevant regulations. 29 U.S.C. § 207 for failure to pay minimum and overtime premium wages and Labor Law §215 for retaliation against employees who exerted their rights under the labor law.

TAKE FURTHER NOTICE THAT for purposes of responding to this subpoena, the following definitions shall apply:

a)    The term "person" means any individual, corporation, partnership or other business entity.

entity.

b)     The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

c)     The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

d)     The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

e)     The term "Spice" refers to SPICE AVENUE INC.; JUTTANA RIMREARTWATE and all or any of its agents, employees, attorneys, predecessors, successors, parents, affiliates, or subsidiaries.

f)     The term "employee" refers to all of Spice's employees including, but not limited to, cooks and chefs, and their assistants, dishwashers, waiters and waitresses, busboys, secretaries, receptionists, workers who pack orders for deliveries ("delivery packers"), and delivery workers, regardless of whether they may be compensated as salaried, hourly, or tipped employees.

PLEASE TAKE FURTHER NOTICE that:

1.     This request is a continuing request requiring supplemental responses in the event that between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

2.     If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

3.     If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced

2

specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following:

1.    Any and all payroll records, or other such documents, that identify the name, social security number, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and/or money paid in cash to all employees of SPICE from September 1999 to the date on which a return is made to this subpoena.

a)    Subpoenaed documents should include but are not limited to, any and all written or computer payroll documents prepared for SPICE by any third-party and/or by any employee of SPICE for any third-party.

2.    Any and all time sheets, time cards, schedules, or other documents, showing the shifts and/or hours worked by all employees of SPICE from September 1999 to the date on which a return is made to this subpoena. These documents are to be segregated by weekly pay period.

3.    The articles of incorporation, by-laws and charter of SPICE including any amendments thereto.

4.    Any and all employee manuals, handbooks, policies, memoranda or other documents detailing responsibilities of the employees of SPICE.

5.    Any and all records or documents referring or relating to the receipt, handling, distribution, or treatment of gratuities and/or service charges paid by customers of SPICE from September 1999 until the date on which a return is made to this subpoena. This should include any documents, reports, receipts, or records maintained in any form, including but not limited to, written rosters or ledgers, computer databases, printouts, databases, disks or credit card vouchers.

6.    All documents, lists, rosters, compilations, or other documents which reflect the names, telephone numbers, addresses, job titles, and starting and/or ending work date for all employees of SPICE from September 1999 to the date on which a return is made to this subpoena.

7.    All documents relating to the following information concerning all employees of SPICE from September 1999 to the date on which a return is made to this subpoena: (a) daily, weekly, monthly, and yearly records of personal, vacation,

3

sick, or other leave earned; and (b) daily, weekly, monthly, and yearly records of personal. vacation. sick, or other leave taken.

8.    Quarterly and annual New York State and Federal tax returns of **SPICE** including all attachments, for the period of September 1999 to the date a return is made to this subpoena.

9.    Documents concerning the existence and maintenance of workers' compensation insurance coverage, including filings, with all appropriate governmental agencies, of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

10.    Documents concerning the existence and maintenance of unemployment insurance coverage, including filings with all appropriate governmental agencies, of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

11.    Documents that identify medical, pension, or benefit plan contributions for employees of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

12.    Any and all documents reflecting the names, addresses, telephone numbers, compensation and positions held over time by each and every officer, director, owner, shareholder and/or partner of **SPICE** from September 1999 to the date a return is made on this subpoena. This includes, but is not limited to, annual and quarterly tax returns or reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13.    Any and all documents showing the name, address, and telephone number of any other business entities, corporations or partnerships for which any officer, director, owner, and/or partner of **SPICE** has an ownership interest, in any amount, during the time period from September 1999 to the date on which a return is made to this subpoena.

14.    Copies of any and all leases entered into by **SPICE**.

15.    Documents identifying all of **SPICE's** bank accounts during the time period of September 1999 to the date on which a return is made to this subpoena.

16.    Documents identifying any interest in real estate held by **SPICE**.

You are bound by this subpoena to produce the requested items and appear at the

4

examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED SO THAT AN INTERPRETER CAN BE OBTAINED.**

WITNESS, honorable ELIOT SPITZER, Attorney General of the State of New York, on the

6th Day of September, 2005.

Witnessed:

_____

Assistant Attorney General

ELIOT SPITZER
Attorney General of the
State of New York

By: _____

Lorelei Boylan
Assistant Attorney General
State of New York
Office of the Attorney General
Labor Bureau
120 Broadway, 26th Floor
New York, NY 10271
Telephone No. 212-416-8662
Facsimile No. 212-416-8694

5

STATE OF NEW YORK
Office of the Attorney General
120 Broadway
New York, NY 10271

**ELIOT SPITZER**
*Attorney General*

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

THE PEOPLE OF THE STATE OF NEW YORK

TO:    **BANGKOK PALACE II, INC.**
       **d/b/a Spice**
       (via Personal Service)
       1411 Second Avenue
       New York, NY 10021

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to

(1) produce certain items, listed below, on the **19th day of September, 2005, at 10:00 a.m.**

and

(2) appear and testify on the **26th day of September, 2005, at 11:00 a.m.**

at the offices of the New York State Attorney General's Office, Labor Bureau, 120 Broadway, 26th

Floor, New York, New York 10271, in an inquiry by ELIOT SPITZER, Attorney General of the State

of New York, to determine whether an action or proceeding should be instituted against **BANGKOK**

**PALACE II, INC. d/b/a SPICE; JUTTANA RIMREARTWATE, and any other officers,**

pursuant to Executive Law § 63(12) for alleged violations of Labor Law § 652 et al., and relevant

regulations, 29 U.S.C. § 207 for failure to pay minimum and overtime premium wages and Labor

Law §215 for retaliation against employees who exerted their rights under the labor law.

TAKE FURTHER NOTICE THAT for purposes of responding to this subpoena, the

following definitions shall apply:

a)      The term "person" means any individual, corporation, partnership or other business entity.

b)      The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

c)      The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

d)      The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

e)      The term **"Spice"** refers to **BANGKOK PALACE II, INC. d/b/a SPICE; JUTTANA RIMREARTWATE** and all or any of its agents, employees, attorneys, predecessors, successors, parents, affiliates, or subsidiaries.

f)      The term "employee" refers to all of **Spice's** employees including, but not limited to, cooks and chefs, and their assistants, dishwashers, waiters and waitresses, busboys, secretaries, receptionists, workers who pack orders for deliveries ("delivery packers"), and delivery workers, regardless of whether they may be compensated as salaried, hourly, or tipped employees.

PLEASE TAKE FURTHER NOTICE that:

1.      This request is a continuing request requiring supplemental responses in the event that between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

2.      If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

3.      If you object to any of the requests herein, you are requested to state the specific

grounds asserted for objecting and not producing any document, to identify each item not produced specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following:

1.     Any and all payroll records, or other such documents, that identify the name, social security number, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and/or money paid in cash to all employees of **SPICE** from September 1999 to the date on which a return is made to this subpoena.

a)     Subpoenaed documents should include but are not limited to, any and all written or computer payroll documents prepared for **SPICE** by any third-party and/or by any employee of **SPICE** for any third-party.

2.     Any and all time sheets, time cards, schedules, or other documents, showing the shifts and/or hours worked by all employees of **SPICE** from September 1999 to the date on which a return is made to this subpoena. These documents are to be segregated by weekly pay period.

3.     The articles of incorporation, by-laws and charter of **SPICE** including any amendments thereto.

4.     Any and all employee manuals, handbooks, policies, memoranda or other documents detailing responsibilities of the employees of **SPICE**.

5.     Any and all records or documents referring or relating to the receipt, handling, distribution, or treatment of gratuities and/or service charges paid by customers of **SPICE** from September 1999 until the date on which a return is made to this subpoena. This should include any documents, reports, receipts, or records maintained in any form, including but not limited to, written rosters or ledgers, computer databases, printouts, databases, disks or credit card vouchers.

6.     All documents, lists, rosters, compilations, or other documents which reflect the names, telephone numbers, addresses, job titles, and starting and/or ending work date for all employees of **SPICE** from September 1999 to the date on which a return is made to this subpoena.

7.     All documents relating to the following information concerning all employees of **SPICE** from September 1999 to the date on which a return is made to

3

this subpoena: (a) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave earned; and (b) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave taken.

8.      Quarterly and annual New York State and Federal tax returns of **SPICE** including all attachments, for the period of September 1999 to the date a return is made to this subpoena.

9.      Documents concerning the existence and maintenance of workers' compensation insurance coverage, including filings with all appropriate governmental agencies, of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

10.      Documents concerning the existence and maintenance of unemployment insurance coverage, including filings with all appropriate governmental agencies, of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

11.      Documents that identify medical, pension, or benefit plan contributions for employees of **SPICE** for the period of September 1999 to the date a return is made to this subpoena.

12.      Any and all documents reflecting the names, addresses, telephone numbers, compensation and positions held over time by each and every officer, director, owner, shareholder and/or partner of **SPICE** from September 1999 to the date a return is made on this subpoena. This includes, but is not limited to, annual and quarterly tax returns or reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13.      Any and all documents showing the name, address, and telephone number of any other business entities, corporations or partnerships for which any officer, director, owner, and/or partner of **SPICE** has an ownership interest, in any amount, during the time period from September 1999 to the date on which a return is made to this subpoena.

14.      Copies of any and all leases entered into by **SPICE.**

15.      Documents identifying all of **SPICE's** bank accounts during the time period of September 1999 to the date on which a return is made to this subpoena.

16.      Documents identifying any interest in real estate held by **SPICE.**

4

You are bound by this subpoena to produce the requested items and appear at the examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED SO THAT AN INTERPRETER CAN BE OBTAINED.**

WITNESS, honorable ELIOT SPITZER, Attorney General of the State of New York, on the 6th Day of September, 2005.

ELIOT SPITZER
Attorney General of the
State of New York

Witnessed:

By: _____

Assistant Attorney General

Lorelei Boylan
Assistant Attorney General
State of New York
Office of the Attorney General
Labor Bureau
120 Broadway, 26th Floor
New York, NY 10271
Telephone No.212-416-8662
Facsimile No. 212-416-8694

5

STATE OF NEW YORK
Office of the Attorney General
120 Broadway
New York, NY 10271

**ELIOT SPITZER**
*Attorney General*

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

THE PEOPLE OF THE STATE OF NEW YORK

TO:  **SPICE CITY, INC.**
     **d/b/a Sea**
     (via Personal Service)
     114 North 6th Street
     Brooklyn, NY 11211

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to

(1) produce certain items, listed below, on the **4th day of October, 2005, at 10:00 a.m.** and

(2) appear and testify on the **11th day of October, 2005, at 11:00 a.m.**

at the offices of the New York State Attorney General's Office, Labor Bureau, 120 Broadway, 26th Floor, New York, New York 10271, in an inquiry by ELIOT SPITZER, Attorney General of the State of New York, to determine whether an action or proceeding should be instituted against **SPICE CITY, INC. d/b/a SEA;  KANDA VACHIRABANGJONG, and any other officers,** pursuant to Executive Law § 63(12) for alleged violations of Labor Law § 652 et al., and relevant regulations, 29 U.S.C. § 207 for failure to pay minimum and overtime premium wages and Labor Law §215 for retaliation against employees who exerted their rights under the labor law.

TAKE FURTHER NOTICE THAT for purposes of responding to this subpoena, the following definitions shall apply:

a)    The term "person" means any individual, corporation, partnership or other business entity.

b)      The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

c)      The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

d)      The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

e)      The term "**Sea**" refers to **SPICE CTY, INC.; KANDA VACHIRABANGJONG** and all or any of its agents, employees, attorneys, predecessors, successors, parents, affiliates, or subsidiaries.

f)      The term "employee" refers to all of **Sea's** employees including, but not limited to, cooks and chefs, and their assistants, dishwashers, waiters and waitresses, busboys, secretaries, receptionists, workers who pack orders for deliveries ("delivery packers"), and delivery workers, regardless of whether they may be compensated as salaried, hourly, or tipped employees.

PLEASE TAKE FURTHER NOTICE that:

1.      This request is a continuing request requiring supplemental responses in the event that between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

2.      If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

3.      If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their

grounds asserted for objecting and not producing any document, to identify each item not produced specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following:

1.    Any and all payroll records, or other such documents, that identify the name, social security number, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and/or money paid in cash to all employees of **SEA** from September 1999 to the date on which a return is made to this subpoena.

a)    Subpoenaed documents should include but are not limited to, any and all written or computer payroll documents prepared for **SEA** by any third-party and/or by any employee of **SEA** for any third-party.

2.    Any and all time sheets, time cards, schedules, or other documents, showing the shifts and/or hours worked by all employees of **SEA** from September 1999 to the date on which a return is made to this subpoena. These documents are to be segregated by weekly pay period.

3.    The articles of incorporation, by-laws and charter of **SEA** including any amendments thereto.

4.    Any and all employee manuals, handbooks, policies, memoranda or other documents detailing responsibilities of the employees of **SEA.**

5.    Any and all records or documents referring or relating to the receipt, handling, distribution, or treatment of gratuities and/or service charges paid by customers of **SEA** from September 1999 until the date on which a return is made to this subpoena. This should include any documents, reports, receipts, or records maintained in any form, including but not limited to, written rosters or ledgers, computer databases, printouts, databases, disks or credit card vouchers.

6.    All documents, lists, rosters, compilations, or other documents which reflect the names, telephone numbers, addresses, job titles, and starting and/or ending work date for all employees of **SEA** from September 1999 to the date on which a return is made to this subpoena.

7.    All documents relating to the following information concerning all employees of **SEA** from September 1999 to the date on which a return is made to

this subpoena: (a) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave earned; and (b) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave taken.

8.    Quarterly and annual New York State and Federal tax returns of **SEA** including all attachments, for the period of September 1999 to the date a return is made to this subpoena.

9.    Documents concerning the existence and maintenance of workers' compensation insurance coverage, including filings with all appropriate governmental agencies, of **SEA** for the period of September 1999 to the date a return is made to this subpoena.

10.    Documents concerning the existence and maintenance of unemployment insurance coverage, including filings with all appropriate governmental agencies, of **SEA** for the period of September 1999 to the date a return is made to this subpoena.

11.    Documents that identify medical, pension, or benefit plan contributions for employees of **SEA** for the period of September 1999 to the date a return is made to this subpoena.

12.    Any and all documents reflecting the names, addresses, telephone numbers, compensation and positions held over time by each and every officer, director, owner, shareholder and/or partner of **SEA** from September 1999 to the date a return is made on this subpoena. This includes, but is not limited to, annual and quarterly tax returns or reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13.    Any and all documents showing the name, address, and telephone number of any other business entities, corporations or partnerships for which any officer, director, owner, and/or partner of **SEA** has an ownership interest, in any amount, during the time period from September 1999 to the date on which a return is made to this subpoena.

14.    Copies of any and all leases entered into by **SEA**.

15.    Documents identifying all of **SEA's** bank accounts during the time period of September 1999 to the date on which a return is made to this subpoena.

16.    Documents identifying any interest in real estate held by **SEA**.

4

You are bound by this subpoena to produce the requested items and appear at the examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED SO THAT AN INTERPRETER CAN BE OBTAINED.**

WITNESS, honorable ELIOT SPITZER, Attorney General of the State of New York, on the 6th Day of September, 2005.

ELIOT SPITZER
Attorney General of the
State of New York

Witnessed:

By: _____

_____
Assistant Attorney General

Lorelei Boylan
Assistant Attorney General
State of New York
Office of the Attorney General
Labor Bureau
120 Broadway, 26th Floor
New York, NY 10271
Telephone No.212-416-8662
Facsimile No. 212-416-8694

5

STATE OF NEW YORK
Office of the Attorney General
120 Broadway
New York, NY 10271

**ELIOT SPITZER**
*Attorney General*

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

THE PEOPLE OF THE STATE OF NEW YORK

TO:    **KITLEN MANAGEMENT, INC.**
       (via Personal Service)
       1411 Second Avenue
       New York, NY 10021

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to

(1) produce certain items, listed below, on the **19th day of September, 2005, at 10:00 a.m.**

and

(2) appear and testify on the **26th day of September, 2005, at 11:00 a.m.**

at the offices of the New York State Attorney General's Office, Labor Bureau, 120 Broadway, 26th Floor, New York, New York 10271, in an inquiry by ELIOT SPITZER, Attorney General of the State of New York, to determine whether an action or proceeding should be instituted against **KITLEN MANAGEMENT, INC., and any officers,** pursuant to Executive Law § 63(12) for alleged violations of Labor Law § 652 et al., and relevant regulations, 29 U.S.C. § 207 for failure to pay minimum and overtime premium wages and Labor Law §215 for retaliation against employees who exerted their rights under the labor law.

TAKE FURTHER NOTICE THAT for purposes of responding to this subpoena, the following definitions shall apply:

a)        The term "person" means any individual, corporation, partnership or other business

entity.

b)    The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed out, that is capable of being reproduced on a computer display or printed. A "document," whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stamped indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered as a separate document.

c)    The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence."

d)    The term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, constituting or referring to the subject in question, either in whole or in part.

e)    The term "**Kitlen**" refers to **KITLEN MANAGEMENT, INC.** and all or any of its agents, employees, attorneys, predecessors, successors, parents, affiliates, or subsidiaries.

f)    The term "employee" refers to all of **Kitlen's** employees including, but not limited to, cooks and chefs, and their assistants, dishwashers, waiters and waitresses, busboys, secretaries, receptionists, workers who pack orders for deliveries ("delivery packers"), and delivery workers, regardless of whether they may be compensated as salaried, hourly, or tipped employees.

PLEASE TAKE FURTHER NOTICE that:

1.    This request is a continuing request requiring supplemental responses in the event that between the time documents are produced and conclusion of this case or investigation, you become aware of further information or documents.

2.    If complete responses cannot be made after the exercise of due diligence to secure the requested information, you are requested to so indicate, to describe the efforts made and the results thereof, and to furnish the information to whatever extent possible.

3.    If you object to any of the requests herein, you are requested to state the specific grounds asserted for objecting and not producing any document, to identify each item not produced

2

specifically by its nature, and in the case of objection under claim of privilege, to state the basis on which a privilege is claimed, all persons to whom copies of the document were furnished, and their job titles.

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following:

1.    Any and all payroll records, or other such documents, that identify the name, social security number, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and/or money paid in cash to all employees of **KITLEN** from September 1999 to the date on which a return is made to this subpoena.

a)    Subpoenaed documents should include but are not limited to, any and all written or computer payroll documents prepared for **KITLEN** by any third-party and/or by any employee of **KITLEN** for any third-party.

2.    Any and all time sheets, time cards, schedules, or other documents, showing the shifts and/or hours worked by all employees of **KITLEN** from September 1999 to the date on which a return is made to this subpoena. These documents are to be segregated by weekly pay period.

3.    The articles of incorporation, by-laws and charter of **KITLEN** including any amendments thereto.

4.    Any and all employee manuals, handbooks, policies, memoranda or other documents detailing responsibilities of the employees of **KITLEN**.

5.    Any and all records or documents referring or relating to the receipt, handling, distribution, or treatment of gratuities and/or service charges paid by customers of **KITLEN** from September 1999 until the date on which a return is made to this subpoena. This should include any documents, reports, receipts, or records maintained in any form, including but not limited to, written rosters or ledgers, computer databases, printouts, databases, disks or credit card vouchers.

6.    All documents, lists, rosters, compilations, or other documents which reflect the names, telephone numbers, addresses, job titles, and starting and/or ending work date for all employees of **KITLEN** from September 1999 to the date on which a return is made to this subpoena.

7.    All documents relating to the following information concerning all employees of **KITLEN** from September 1999 to the date on which a return is made

3

to this subpoena: (a) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave earned; and (b) daily, weekly, monthly, and yearly records of personal, vacation, sick, or other leave taken.

8.    Quarterly and annual New York State and Federal tax returns of **KITLEN** including all attachments, for the period of September 1999 to the date a return is made to this subpoena.

9.    Documents concerning the existence and maintenance of workers' compensation insurance coverage, including filings with all appropriate governmental agencies, of **KITLEN** for the period of September 1999 to the date a return is made to this subpoena.

10.    Documents concerning the existence and maintenance of unemployment insurance coverage, including filings with all appropriate governmental agencies, of **KITLEN** for the period of September 1999 to the date a return is made to this subpoena.

11.    Documents that identify medical, pension, or benefit plan contributions for employees of **KITLEN** for the period of September 1999 to the date a return is made to this subpoena.

12.    Any and all documents reflecting the names, addresses, telephone numbers, compensation and positions held over time by each and every officer, director, owner, shareholder and/or partner of **KITLEN** from September 1999 to the date a return is made on this subpoena. This includes, but is not limited to, annual and quarterly tax returns or reports, corporate charters, government filings, license applications, business certificates, certificates of incorporation, and partnership agreements.

13.    Any and all documents showing the name, address, and telephone number of any other business entities, corporations or partnerships for which any officer, director, owner, and/or partner of **KITLEN** has an ownership interest, in any amount, during the time period from September 1999 to the date on which a return is made to this subpoena.

14.    Copies of any and all leases entered into by **KITLEN**.

15.    Documents identifying all of **KITLEN's** bank accounts during the time period of September 1999 to the date on which a return is made to this subpoena.

16.    Documents identifying any interest in real estate held by **KITLEN**.

4

You are bound by this subpoena to produce the requested items and appear at the examination and on any adjourned date thereof, pursuant to C.P.L.R. Art. 23.

**IF YOU ARE UNABLE TO TESTIFY IN ENGLISH OR WOULD PREFER TO TESTIFY IN ANOTHER LANGUAGE, PLEASE CONTACT THE UNDERSIGNED SO THAT AN INTERPRETER CAN BE OBTAINED.**

WITNESS, honorable ELIOT SPITZER, Attorney General of the State of New York, on the

6th Day of September, 2005.

ELIOT SPITZER
Attorney General of the
State of New York

Witnessed:

By: _____

_____
Assistant Attorney General

Lorelei Boylan
Assistant Attorney General
State of New York
Office of the Attorney General
Labor Bureau
120 Broadway, 26th Floor
New York, NY 10271
Telephone No.212-416-8662
Facsimile No. 212-416-8694

5