UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO and AMANDO MARTINEZ, individually and on behalf of others similarly situated,

         Plaintiffs,   07 CV 4657 (RWS)

                 ECF CASE

    -against-


SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, KITTIGRON LIRTPANARUK and YONGYUT LIMLEARTVATE,
             Defendants.
-------------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CONDUCT DISCOVERY AT THE APPROPRIATE TIME, IF DISCOVERY IS NECESSARY AT ALL


                 Lipman & Plesur, LLP

                 Co-Counsel for Defendants
                 The Jericho Atrium
                 500 North Broadway
                 Suite 105
                 Jericho, NY  11753-2131
                 516-931-0050


                 Law Office of Richard E. Signorelli

                 Co-Counsel for Defendants
                 799 Broadway, Suite 539
                 New York, NY  10003
                 212-254-4218

I.      **Preliminary Statement and Summary of Argument**

On May 22, 2008, plaintiffs filed their motion for class and collective certification. Thereafter, plaintiffs sent a request to take depositions, dated June 11, 2008, attached to Robert D. Lipman's July 3, 2008 letter to the Court. Plaintiffs sought to take depositions starting on July 8, 2008. By letter to the Court dated July 3, 2008, defendants objected to this discovery request since: (1) there had been no Rule 26(f) conference (plaintiffs' new counsel was apparently unaware of this fact); (2) more than ten depositions were being sought; (3) the Rule 30(b)(6) depositions were requested with no particularity; and (4) post class certification motion discovery should be addressed pursuant to a Discovery Schedule after the class certification motion is adjudicated so the appropriate scope of discovery may be established.

By letter dated July 7, 2008, counsel for plaintiffs opposed defendants' letter-motion arguing that they wanted to proceed with the case, citing the Court's purported desire to have a trial in the Fall of 2008. Defendants are unaware of the Court's desire to have a trial in the Fall; certainly no such contemplated trial schedule has ever been conveyed to counsel for defendants. In their July 7 letter, plaintiffs purport to want to take depositions because: "Whether or not plaintiffs' motion for class and collective action certification is granted, all of the noticed depositions are relevant to the issues of liability as to whether and to what extent each defendant is liable to plaintiffs or any of them." Plaintiffs' stated desire to take discovery is belied by plaintiffs' meeting with the New York State Attorney General ("OAG") in an effort to obtain class-based discovery already in the possession of the OAG. A letter regarding this meeting is attached to the accompanying Lipman Affirmation. Plaintiffs want class-based discovery at this stage when a class action should not be certified in this case. Documents in the possession of the OAG are not within the scope of discovery permitted in this action, even if a class were to be certified. The vast majority of the documents sought by plaintiffs have nothing to do with plaintiffs; they concern, *inter alia*, other workers and confidential documents regarding defendants' finances. The OAG, together with the New York State Department of Labor and the United States Department of Labor, have received tens of thousands of documents from defendants, spoken with dozens of defendants' current and former employees and

have taken a number of depositions. The OAG has conducted a multi-year investigation and completed a very extensive audit of defendants' wage-hour practices.

The appropriate scope of discovery should be discussed and memorialized in a discovery schedule. Plaintiffs should <u>not</u> be permitted a wholesale data dump of defendants' documents and the right to seek more redundant, wasteful and burdensome class-based discovery when a class is inappropriate in this case.

### II. Plaintiffs Failed to Seek Any Discovery Prior to Making Their Motion for Class Certification

Defendants have not argued that pre-class certification motion discovery on class issues is inappropriate. Rather, plaintiffs must live with their decision to file a motion for class certification prior to taking any discovery. Plaintiffs' time for pre-motion class discovery has expired. Heerwagen v. Clear Channel Communications, 435 F.3d 219 (2d Cir. 2006), citing Abrams v. Interco Inc., 719 F.2d 23 (2d Cir. 1983)(Plaintiffs should not "be relieved of the consequences of their considered strategy when they failed to achieve class certification in advance of burdensome discovery.") Because plaintiffs' time for pre-motion class discovery has expired, they should not be permitted to obtain the discovery, including depositions that they wish to take, at this stage of the litigation.

### III. Discovery Not Related to Class Certification is Premature Pending a Discovery Schedule, Which Takes into Account the Adjudication of the Class Certification Motion So the Appropriate Scope of Discovery May Be Established

It is common practice to stay discovery related to the merits of a lawsuit as well as damage calculations pending adjudication of a class certification motion. Rahman v. The Smith & Wollensky Rest. Group, Inc., 2007 WL 1521117 (S.D.N.Y., 2007) ("Pre-certification discovery on the merits of the class claims is generally inappropriate."); Calabrese v. CSC Holdings, Inc., 2007 WL 749690 (S.D.N.Y., 2007) (pre-class certification discovery limited to certification requirements so Rule 23 hearing will not become a "protracted mini-trial of substantial portions of the underlying

litigation") (quoting In re Initial Public Offering Securities Litig., 471 F.3d 24, 41 (2d Cir. 2006). Accordingly, discovery should not take place pending the adjudication of the class certification motion.

### IV.   Discovery in this Case is Wasteful Since the New York State Attorney General Has Already Conducted Discovery of this Matter and a Settlement with the Attorney General Should Take Place

Plaintiffs seek an end-run around their motion for collective action by attempting to obtain a list of defendants' workers from the OAG. Notably, plaintiffs' attempt to seek the names of nonparty potential class members is "a tactic courts disfavor." Calabrese v. CSC Holdings, Inc., 2007 WL 74960 at n.7; Dziennik v. Sealift, Inc., 2006 WL 1455464 (E.D.N.Y., 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."). Plaintiffs should not be permitted to obtain class-based discovery when this Court should not certify a class action. The OAG is in possession of the documents sought by plaintiffs and plaintiffs will not be prejudiced by ascertaining the appropriate scope of discovery once the class certification motion is adjudicated. Plaintiffs should not be provided with more ammunition to solicit more plaintiffs in their turf war with the OAG. There is no justification for plaintiffs' attempt to duplicate all the work already done by the OAG. The OAG and defendants hope to resolve this entire matter in the near future. Once such a settlement has been achieved, subject to Court approval, there would be no reason for wasteful, unnecessary discovery to take place in this case.

**V.     Conclusion**

        Defendants respectfully request that this Court grant defendants' motion in all respects and award defendants attorneys' fees and costs and such other relief as the Court deems just and appropriate.

Dated: Jericho, New York
       July 23, 2008

                                              LIPMAN & PLESUR, LLP

                            By:                /s/
                                        Robert D. Lipman (RL 3564)
                                        Co-Counsel for Defendants
                                        500 North Broadway, Suite 105
                                        Jericho, NY  11753
                                        Telephone:     516-931-0050
                                        Facsimile:      516-931-0030
                                        E-mail:  lipman@lipmanplesur.com

                                        Richard E. Signorelli (RS 7976)
                                        Law Office of Richard E. Signorelli
                                        Co-Counsel for Defendants
                                        799 Broadway, Suite 539
                                        New York, NY  10003
                                        Telephone:     212-254-4218
                                        Facsimile:      212-254-1396
                                        E-mail:  rsignorelli@nycLITIGATOR.com