**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARLON CASTRO, OCTAVIO RANGEL,
MARTIN VASQUEZ, ALFREDO MARTINEZ,
RODOLFO MENDEZ, GERARDO ANGULO, JUAN
MARTINEZ, JOSE CERVANTES, SERGIO
SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ,     **ECF Case**
GUILLERMO MENDOZA, OMAR CASTILLO, and
AMANDO MARTINEZ, individually and on behalf of   **FLSA § 216(b) Collective**
others similarly situated,                       **Action**

                           *Plaintiffs*,   **FRCP Rule 23 Class Action**

                      -against-

                              **07 CV 4657 (RWS)(DFE)**

SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,
SPICE WEST, INC., KITLEN MANAGEMENT,
KITTIGRON LIRTPANARUK, and YONGYUT
LIMLEARTVATE,

                           *Defendants*.
-----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' DISCOVERY MOTION**

**Preliminary statement**[1]

Although this action is over one year old, defendants' counsel will not participate in a Rule 26(f) conference without a court order. Plaintiffs have sought documents supplied to the NYS Attorney General by defendants and agree to limit such request to a) wage and hour and time record documents related to plaintiffs' employment by defendants, b) documents verifying the number of delivery people on the payroll of defendants, and c) documents relevant to the corporate defendants' control structure and inter-relationship. The Attorney General agrees to produce the documents with consent of defendants' counsel, but they have denied consent.

Plaintiffs seek a total of only two days of depositions for all defendants and one half day for defendants' accountant. Such limited discovery would permit plaintiffs in moving for collective action and class certification to support their position that defendants operate as a joint enterprise as to wage and hour treatment of their delivery employees. The limited discovery would serve the interests of judicial economy; very little additional discovery would be necessary on the merits after the current motions are determined.

**The argument**

### POINT I

**SINCE COURTS ROUTINELY PERMIT CLASS DISCOVERY AFTER A CLASS CERTIFICATION MOTION HAS BEEN FILED, THIS COURT SHOULD ALLOW CLASS DISCOVERY IN THE EVENT THAT THE COURT FINDS THE CURRENT RECORD INADEQUATE**

Since courts routinely allow class discovery after a class certification motion has been filed, this Court should now permit class discovery in the event that it finds the current record inadequate to determine whether class and collective action certification are appropriate. *See*

---

[1] The facts set forth herein are contained in the answering affidavit of Peter G. Eikenberry, sworn to July 29, 2008.

*Mendoza v. Casa de Cambio Delgado*, 2008 U.S. Dist. LEXIS 27519, *11 (S.D.N.Y. 2008); *Daniels v. AMERCO*, 1982 U.S. Dist. LEXIS 13264, *9 (S.D.N.Y. 1982).

As set forth in their class and collective action certification papers, plaintiffs' affidavits provide more than sufficient evidence that the requirements of Rule 23 are satisfied. The only class certification issue that may require further discovery relates to defendants' argument that the Spice group is not a "joint employer" or enterprise for purposes of the FLSA and New York Labor Law. (*See* defendants' memorandum in opposition to collective action and class certification, docket no. 65, pp. 5-7). Defendants' argument is belied by evidence that (1) delivery persons frequently worked at more than one Spice corporation in the same week (including a pay stub verifying that the same employee was paid by three different defendant entities in the same week), (2) delivery persons were transferred between the locations of different corporate entities, and (3) the various Spice corporations had identical wage-and-hour related policies. (*See* plaintiffs' reply memorandum in support of collective action and class certification, docket no. 71, pp. 2, 7-9).

In the event that the record is inadequate to determine whether class and collective action certification are appropriate, this Court should allow further discovery on these issues. *See Mendoza v. Casa de Cambio Delgado*, 2008 U.S. Dist. LEXIS 27519, *11 (allowing the plaintiffs to re-file their motion for class and collective action certification after further discovery); *Daniels v. AMERCO*, 1982 U.S. Dist. LEXIS 13264, *9 (allowing additional discovery before deciding the class certification motion, but not limiting discovery to issues of class certification.)

**POINT II**

**SINCE PLAINTIFFS' SEEK DISCOVERY OF INFORMATION ABOUT DEFENDANTS' PAYROLL POLICIES REGARDING DELIVERY PERSONNEL AND DEFENDANTS' CORPORATE STRUCTURE, WHICH IS RELATED TO THE NUMEROSITY, COMMONALITY AND TYPICALITY REQUIREMENTS OF RULE 23, PLAINTIFFS SHOULD BE ENTITLED TO CONDUCT DEPOSITIONS AS NOTICED IN THEIR JUNE 11, 2008, LETTER TO DEFENDANTS' COUNSEL**

Since plaintiffs seek discovery of information about defendants' payroll and personnel policies with respect to delivery personnel and about defendants' corporate structure and operational control, which relates to the numerosity, commonality and typicality requirements of Rule 23, this Court should a) allow plaintiffs to conduct depositions as noticed in their June 11, 2008, letter to defendants' counsel, and b) order defendants' counsel to consent to the release of certain of defendants' documents held by the NYS Attorney General. *See Rahman v. The Smith & Wollensky Rest. Group, Inc.*, 2007 U.S. Dist. LEXIS 37642 (S.D.N.Y. 2007) (permitting plaintiffs' pre-certification discovery on issues relating to class certification); *see also*, *Calabrese v. CSC Holdings, Inc.*, 2007 U.S. Dist. LEXIS 16059 (E.D.N.Y.) ("the district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement is met").

For example, in *Rahman*, the court permitted discovery of defendants' corporate and operational control structure, as well as discovery of evidence concerning documents that defendants submitted to the Equal Employment Opportunity Commission (the "EEOC") because that information was relevant to the numerosity and commonality requirements of Rule 23. *Rahman*, 2007 U.S. Dist. LEXIS at \*16-18. In granting plaintiffs' pre-certification discovery requests, the court held that the "discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [the Rule 23] requirements." *Id*. at \*10 (quoting

*Nat'l Org. for Women, Farmington Valley Chapter v. Sperry*, 88 F.R.D. 272, at 276-77 (D. Conn. 1980)).

Since the New York State Attorney General has documents secured from defendants relevant to plaintiffs' employment conditions and the number of delivery employees who were subject to those conditions, the requested documents are relevant to the issues of numerosity and whether there are "questions of law or fact common to the class." *Fed. R. Civ. P. 23(a)*. Similarly, the individual and corporate defendants, as well as defendants' accountant, Christopher Miu, will be able to testify about the corporate defendants' payroll policies and other policies relating to delivery personnel, and the corporate defendants' control structures. Since all of these issues are relevant to the commonality and typicality requirements of Rule 23, deposition notices to defendants are proper and this Court should permit plaintiffs to conduct two and one half days of deposition discovery they seek.

Since plaintiffs request discovery on defendants' wage and hour practices, and they are relevant both to the Rule 23 requirements (specifically commonality and typicality) and the merits of this case (specifically, whether defendants' practices violated the FLSA), this Court should allow plaintiffs to proceed with their limited discovery requests. *See In re Initial Public Offering Securities Litig.*, 471 F.3d 24 at 41 (2d Cir. 2006) (a district court must "resolve factual disputes relevant to each Rule 23 requirement," even where those issues are "identical" with a merits issue). In addition, judicial economy will be served by plaintiffs' proposed two and one half days of depositions because of their limited duration and focus and because the depositions will concern Rule 23 requirements which are also relevant to the merits of plaintiffs' claims, thus largely eliminating the need for depositions in the future.

**Conclusion**

Plaintiffs respectfully request that this Court deny defendants' discovery motion and order defendants to consent to production of defendants' documents from the NYS Attorney General a) relating to wage and hour and time records relative to plaintiffs' employment, b) relating to the corporate structure of defendants, and c) documents verifying the number of delivery persons employed by defendants, and that this Court order two days of deposition discovery of defendants and one half day of deposition discovery of defendants' accountant, and such further relief as shall be just and proper including attorney's fees.

July 29, 2008

|  |  |
|---|---|
|  | __/s/Peter G. Eikenberry____ |
| Michael A. Faillace | Peter G. Eikenberry (7257) |
| MICHAEL FAILLACE & ASSOCIATES, P.C. | 74 Trinity Place, Suite 1609 |
| 110 East 59th Street, 32nd Floor | New York, NY 10006 |
| New York, New York 10022 | Telephone: (212) 385-1050 |
| Telephone: (212) 317-1200 |  |

*Attorneys for plaintiffs*

John A. Karol
Robert C. Ruhlin
*Of Counsel*

Nathaniel Arden
*On the Brief*