**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others similarly situated, | 07 CV 4657 (RWS)(DFE) |
| | **ANSWERING AFFIDAVIT** |
| | **FLSA COLLECTIVE ACTION** |
| *Plaintiffs*, -against- | **Rule 23 Class Action** |
| SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, KITTIGRON LIRTPANARUK and YONGYUT LIMLEARTVATE, | **ECF Case** |
| *Defendants.* | |

-----------------------------------------------------------------X

STATE OF NEW YORK      )
                       )  ss.
COUNTY OF NEW YORK     )

Peter G. Eikenberry, being duly sworn, says:

1. I am co-counsel for plaintiffs and I make this affidavit in opposition to defendants' motion to "conduct discovery at an appropriate time."

2. In a conference with the Court, it is my recollection that the Court indicated that this action may proceed to trial this fall.

3. Michael Faillace, myself and my associate Rob Ruhlin met with three attorneys from the Attorney General's office on July 16, 2008, in order to attempt to obtain documents furnished the Attorney General by defendants.

4. At the meeting, we were informed that the Attorney General's office would turn over all documents received from defendants if defendants' counsel consented.

5. Therefore, I telephoned Robert Lipman, an attorney for defendants, and asked for his consent.

6. Mr. Lipman stated that defendants' counsel would not consent since the documents mostly concerned issues not involving plaintiffs.

7. I asked Mr. Lipman if defendants' counsel would consent to the Attorney General releasing defendants' wage and hour documents relating to plaintiffs including their time records.

8. Mr. Lipman refused saying that plaintiffs were not entitled to any documents since there had been no Rule 26(f) conference and since plaintiffs were not entitled to any discovery during the pendency of plaintiffs' collective action and class action motion.

9. I asked Mr. Lipman if he would participate in a Rule 26(f) conference, and he said defendants' counsel would not do so without a court order.

10. Mr. Lipman stated that if plaintiffs agreed to mediation that they would get the documents the mediator determined counsel needed to effectively represent plaintiffs.

11. Yet, Mr. Lipman would not consent that such a mediator have the power to order defendants to produce the such documents nor would Mr. Lipman agree to limited deposition discovery to proceed the mediation.

12. Thus, no agreement to mediate was reached.

13. Plaintiffs hereby restrict their request for defendants' documents to be released by the Attorney General to documents relating specifically to plaintiffs' employment by defendants (or any of them) including time and payroll records maintained by defendants, documents related to defendants' corporate structure and inter-relationship, and

documents relevant to the number of delivery persons employed by defendants during the respective relevant statute of limitations periods

14. Plaintiffs currently do not seek depositions of the three Attorney General lawyers or former lawyers previously noticed, and, thus, the depositions sought are a total of nine to occur over only two and one half days.

15. The depositions sought are of defendants (two hours each) and their accountant (three hours.)

Wherefore, plaintiffs respectfully ask the Court a) to deny defendants' motion to "conduct discovery at an appropriate time," b) to permit plaintiffs to engage in limited deposition discovery, c) to order that defendants consent to i) time and payroll records of defendants relating to any plaintiff ii) documents relating to the corporate structure and inter relationship of defendants, and iii) documents necessary to determine the number of delivery persons employed by defendants during the respective relevant statute of limitations periods, being released by the Attorney General.

/s/ Peter G. Eikenberry
Peter G. Eikenberry

Sworn to before me
this 29th day of July 2008.

_____
        Notary Public