UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others situated, <br><br> *Plaintiffs,* <br><br> -against- <br><br> SPICE PLACE, INC., SPICE AVE., INC., BANKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, KITTIGRON LIRTPANARUK, and YONGYUT LIMLEARTVATE, <br><br> *Defendants.* | Docket Number 07-CV-4657 (RWS) (DFE) <br><br> **DECLARATION OF JOSHUA PEPPER, ESQ.** |

JOSHUA PEPPER, ESQ., declares the following under penalty of perjury:

1.   I am an Assistant Attorney General of New York State. I make this declaration upon personal knowledge in support of the Attorney General's motion to quash the subpoenas directed at the Attorney General by Juno Turner, Jennifer Brand, and Lorelei Boylan.

2.   On July 7, 2008, the Attorney General served objections to the subpoenas directed at the Attorney General and the Assistant Attorneys General listed above. A true and correct copy of the objections is attached hereto as Exhibit 1.

3.   On July 9, 2008, I received a letter from Peter G. Eikenberry, counsel for plaintiffs in this action. A true and correct copy of that letter is attached hereto as Exhibit 2. In the letter, Mr. Eikenberry took the position that the objections did not apply to the production of witnesses for deposition testimony. Mr. Eikenberry also stated that the testimony would be to identify

documents gathered in the course of the Attorney General's investigation and documents created by the Attorney General for that same investigation.

4.  When I received that letter, I called Mr. Eikenberry in the hopes of resolving the matter without motion practice. In this conversation, Mr. Eikenberry stated that he wanted the depositions so that he could ascertain what documents the Attorney General possessed, including what work product the Attorney General had created. We agreed to meet in person on July 16, 2008, to try to resolve our disagreements about responding to the subpoenas.

5.  After that telephone conversation, I sent Mr. Eikenberry a letter confirming our conversation and agreement. A true and correct copy of that letter is attached hereto as Exhibit 3.

6.  The next day, I received a letter from Mr. Eikenberry in response. Although I had thought that Mr. Eikenberry had stated in our conversation that he would not seek the Attorney General's work product, the letter informed me that I had misunderstood him. A true and correct copy of that letter is attached hereto as Exhibit 4.

7.  On July 16, 2008, I, along with Assistant Attorneys General Juno Turner and Seth Kupferberg, met with Plaintiffs' counsel. At that meeting, the Attorney General took the position that because the Defendants had previously produced original documents to the Attorney General without retaining copies, we had no objection to producing documents obtained from the Defendants, subject to objections which might be interposed by the Defendants. However, the Attorney General advised that it did object to producing any of its own internal documents and to testimony by Assistant Attorneys General which would intrude into investigative privilege, public-interest privilege, work-product privilege, or other privileges of the Attorney General. Plaintiffs' counsel did not accept that arrangement, and we could not resolve our differences.

8. On July 17, I wrote a letter to Mr. Eikenberry confirming the Attorney General's position. A true and correct copy of that letter is attached hereto as Exhibit 5.

9. Later that day, I received a telephone call from Mr. Eikenberry. Mr. Eikenberry indicated that he expected to receive Defendants' consent to production of documents obtained from them and that he still sought to depose Assistant Attorneys General for the purpose of ascertaining what other documents the Office of the Attorney General had obtained or generated in the course of its investigation of Defendants. Mr. Eikenberry confirmed that position in his letter to this Court of July 23, 2008. A true and correct copy of that letter is attached hereto as Exhibit 6.

10. In that conversation, we also discussed affidavits the Attorney General had taken from witnesses. Generally, the Attorney General keeps witness affidavits confidential for the protection of informants. However, to the extent that any such witnesses may be Mr. Eikenberry's clients, I informed him that if these clients gave us written consent to do so, we would produce their affidavits.

11. On July 18, I received a letter from Robert D. Lipman, counsel for Defendants in this action. Defendants objected to any production from the Attorney General in this matter. A true and correct copy of that letter is attached hereto as Exhibit 7. I also received a telephone call from Mr. Lipman later that day confirming his objection. I informed him that the Attorney General views the issue of whether to produce Defendants' documents as a dispute between Plaintiffs and Defendants. As to other documents that reflect the Attorney General's deliberative process, mental impressions, thought process, evaluations, opinions, or legal strategy, production of such documents would be inappropriate, as would be a deposition whose purpose is to

ascertain what work product and deliberative-process documents exist. It is the Attorney General's position that aside from documents obtained from the Defendants, all of the documents that may be responsive to Plaintiffs' subpoena *duces tecum* constitute such privileged documents, including the documents obtained from third-party sources and any other document that may be in the possession of the Attorney General not obtained directly from Defendants.

WHEREFORE, the declarant respectfully requests that this Court grant the non-party Attorney General's motion for a protective order and to quash the subpoenas directed at the Attorney General and Assistant Attorneys General.

                                                                                    _____
                                                                                  JOSHUA PEPPER, ESQ.