UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others situated,

    *Plaintiffs,*

-against-

SPICE PLACE, INC., SPICE AVE., INC., BANKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, KITTIGRON LIRTPANARUK, and YONGYUT LIMLEARTVATE,

    *Defendants.*

Docket Number 07-CV-4657 (RWS) (DFE)


# MEMORANDUM OF LAW IN SUPPORT OF NONPARTY ATTORNEY GENERAL'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA

    ANDREW M. CUOMO
    Attorney General of the
     State of New York
    *Attorney for the Defendants*
    120 Broadway
    New York, New York 10271
    (212) 416-8567

JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   THE SUBPOENAS REQUIRE DISCLOSURE OF
     PRIVILEGED AND OTHER PROTECTED MATTER
     AND SUBJECT THE WITNESSES TO UNDUE BURDEN. . . . . . . . . . . . . . . . . . . . . 3

     A.   The Subpoenas Subject the Witnesses to Undue Burden. . . . . . . . . . . . . . . . . . 3

     B.   The Subpoenas Require Disclosure of Privileged and Otherwise
          Protected Matters. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  THE SUBPOENA DUCES TECUM SHOULD BE QUASHED
     BECAUSE IT IS OVERLY BROAD AND UNDULY
     BURDENSOME AND CALLS FOR PRIVILEGED . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     DOCUMENTS.

     A.   The Documents Are Work Product. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   The Documents Are Subject to the Investigative/Law-Enforcement
          Privilege. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     C.   The Documents Are Subject to the Deliberative-Process Privilege. . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**Case**          **Page**

*Borchers v. Committee Union Assurance Co.*,
    874 F. Supp. 78 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.*,
    232 F.R.D. 103 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd.*,
    825 F.2d 676 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Henry v. Champlain Enterprises, Inc.*,
    212 F.R.D. 73 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Circle K Corp.*,
    199 B.R. 92 (Bankr.S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Department of Investigation of the City of N.Y.*,
    856 F.2d 481 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Grand Jury Subpoena Dated October 22, 2001*,
    282 F.3d 156 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lewelling v. Farmers Insurance of Columbus, Inc.*,
    879 F.2d 212 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Natural Resources Defense Council v. Fox,*
    1998 WL 158671 (S.D.N.Y. Apr. 6, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*National Union Fire Insurance Co. Of Pittsburgh, Pa. v. Federal Deposit Insurance Co.*,
    1995 WL 104835 (D. Kan. March 7, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*SEC v. Buntrock*,
    217 F.R.D. 441 (N.D. Ill. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*SEC v. Morelli*,
    143 F.R.D. 42 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*SEC v. Rosenfeld*,
    1997 WL 576021 (S.D.N.Y. Sept. 16, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*SEC v. SBM Investment Certificates, Inc.*,
    2007 WL 609888 (D. Md. Feb. 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shelton v. Amer. Motors Corp.*,
    805 F.2d 1323 (8th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Thomas v. IBM*,
    48 F.3d 478 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States ex rel. Bagley v. TRW Inc.*,
    212 F.R.D. 554 (C.D. Ca. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Adlman*,
    134 F.3d 1194 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. District Council of N.Y.C. and Vicinity of the United Brotherhood of*
    *Carpenters and Joiners of Amer.*,
    1992 WL 208284 (S.D.N.Y. Aug. 18, 1992)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Lang*,
    766 F. Supp. 389 (D. Md. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

**FEDERAL STATUTES**

Fed. Rule Civ. Proc. 34(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Fed. Rule Civ. Proc. 45(c)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**PRELIMINARY STATEMENT**

Plaintiffs have directed discovery subpoenas at the Attorney General and certain Assistant Attorneys General who have been conducting an investigation of Defendants corporations which operate several Asian restaurants. Plaintiffs, employees of the restaurants, have brought a civil action against Defendants seeking damages for unpaid wages, overtime wages, and spread of hours pay, and seek to depose these Assistant Attorneys General to obtain information and documents received and created in the course of the Attorney General's investigation. Such depositions are improper because they are directed toward revealing privileged information and work product, and they will subject the deponents to undue burden. The appropriate remedy is to grant a Protective Order and quash the subpoenas.

**FACTS AND PROCEDURAL HISTORY**

In or about June 2005, the Attorney General began an investigation into the labor practices of Defendants in this action. Declaration of Juno Turner ("Turner Decl.") ¶ 2. In the course of that investigation, the Attorney General has acquired approximately eleven boxes and two hanging file drawers of documents. Turner Decl. ¶¶ 3, 4. The Attorney General has also generated numerous memoranda, audits, and other evaluations of the investigation in anticipation of potential litigation against the Defendants in this action. Turner Decl. ¶ 5. These documents reflect the mental impressions, opinions, conclusions, and legal theories of the Attorney General and assess what evidence the Attorney General may consider important in such anticipated litigation. Turner Decl. ¶¶ 4, 5.

The Assistant Attorneys General who have worked on the investigation have no first-hand knowledge of any wrongdoing by Defendants or lack thereof. Turner Decl. ¶ 6. Acting in their

capacities as Assistant Attorneys General they have merely gathered evidence in the course of an investigation by the Office of the Attorney General that may ultimately cause the Attorney General to conclude that there is a sufficient basis to institute court action against the Defendants. *Id.* The investigation is ongoing and Attorney General has not yet decided whether to file an action against the Defendants. *Id.*

On or about June 16, 2008, the Office of the Attorney General received three subpoenas in the mail. Turner Decl. ¶ 7 and Exs. A-C. One was directed at the Attorney General "by Juno Turner, Esq.," and the other two were directed at two former Assistant Attorneys General, Jennifer Brand, Esq., and Lorelei Boylan, Esq. Turner Decl. ¶ 7 and Exs. A-C. On June 24, 2008, the Attorney General accepted service of the first two subpoenas while reserving all defenses and stating the Attorney General's intention to move to quash the subpoenas. Turner Decl. ¶ 10 and Ex. G.

On July 7, 2008, the Attorney General served objections to the subpoenas. Declaration of Joshua Pepper, Esq. ("Pepper Decl."), ¶ 2 and Ex. 1. Discussions ensued to try to resolve disagreements about responding to the subpoenas. Pepper Decl. ¶ 4. The Attorney General advised plaintiffs' counsel that the office did not object to producing documents obtained from the Defendants, subject to objections which might be interposed by the Defendants. Pepper Decl. ¶ 7 and Ex. 5. The Attorney General advised that the office did object to producing any of its own internal documents and to testimony by Assistant Attorneys General which would intrude into investigative privilege, public interest privilege, work product privilege or other privileges of the Attorney General. Pepper Decl. ¶ 7 and Ex. 5; Turner Decl. ¶ 14. Plaintiff's counsel indicated he wished to elicit such documents and testimony and intended to seek the Attorney General's work product and other protected documents. Pepper Decl. ¶¶ 3, 4, 6, 7 and Ex. 4. These efforts to

2

resolve disagreements were unsuccessful.

On July 17, 2008, Plaintiffs' counsel indicated that he expected Defendants to consent to production of documents that they had previously produced to the Attorney General. Pepper Decl. ¶ 9. However, the next day, Defendants declined to grant such consent. Pepper Decl. ¶ 11 and Ex. 7.

Also on July 17, 2008, Plaintiffs reaffirmed their desire to take testimony to ascertain what work product the Attorney General possessed. *Id.* On July 23, 2008, Plaintiffs again confirmed that position by letter to this Court. Pepper Decl., Ex. 6.

## ARGUMENT

**I.    THE SUBPOENAS REQUIRE DISCLOSURE OF PRIVILEGED AND OTHER PROTECTED MATTER AND SUBJECT THE WITNESSES TO UNDUE BURDEN.**

The court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. FRCP 45(c)(3)(A). These subpoenas would do both.

### A.    The Subpoenas Subject the Witnesses to Undue Burden.

A court should grant a protective order when the object of the subpoena has no first-hand knowledge relevant to the claims in the case. *Thomas v. IBM,* 48 F.3d 478, 483 (10th Cir. 1995); *Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212, 218 (6th Cir. 1989). The Assistant Attorneys General have no first-hand knowledge of any alleged wrongdoing by Defendants. Information and documents received by the Assistant Attorneys General were as a result of their investigative efforts. Turner Decl. ¶ 6.

### B. The Subpoenas Require Disclosure of Privileged and Otherwise Protected Matters.

The work-product privilege prohibits unwarranted inquiries into the files and mental impressions of an attorney. *SEC v. Morelli,* 143 F.R.D. 42, 46 (S.D.N.Y. 1992). Where there is a real concern that answers to deposition questions will reveal counsel's legal strategy and thought process, the deposition implicates the work-product doctrine. *Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd.,* 825 F.2d 676, 680 (2d Cir. 1987); *United States v. Dist. Council of N.Y.C. and Vicinity of the United Bhd. of Carpenters and Joiners of Amer.,* 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992). Attempting to investigate an attorney's work product is an inappropriate objective for a deposition. *SEC v. Rosenfeld,* 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997).

Where the subject matter of a proposed deposition necessarily involves work product, a protective order is appropriate. *SEC v. Buntrock,* 217 F.R.D. 441, 445 (N.D. Ill. 2003). Where the deponent is the attorney of a law-enforcement agency with no independent knowledge of the alleged wrongdoing at issue, such a deposition necessarily inquires into the law-enforcement investigation of the legal staff. *SEC v. SBM Investment Certificates, Inc.,* 2007 WL 609888, at *24 (D. Md. Feb. 23, 2007). Here, Plaintiff seeks to depose Assistant Attorneys General with no independent knowledge of the events at issue solely to ascertain details of the Attorney General's investigation. Turner Decl. ¶ 6; Pepper Decl. ¶¶ 3, 6, 9. This situation is highly similar to the one in *Rosenfeld,* 1997 WL 576021, in which the deposition called for the revelation of information gathered by SEC attorneys in anticipation of bringing enforcement proceedings. *Rosenfeld,* 1997 WL 576021, at *2. Plaintiffs seeks to do the same with the Assistant Attorneys General. The deposition is improper and should be quashed.

The work-product privilege can encompass facts. *In re Grand Jury Subpoena Dated October*

*22, 2001,* 282 F.3d 156, 161 (2d Cir. 2002). For example, the work-product doctrine protects an attorney from having to answer, "What facts have you discovered in your investigation?" *Id.* Here, Plaintiff wishes to ask a similar question: he wants to ask, "What work-product documents and facts have you generated in the course of your investigation?" If such a question about underlying non-privileged facts are improper, then it must follow *a fortiori* that Plaintiffs' proposed questions are doubly improper because the underlying documents about which Plaintiff wants to learn are themselves privileged. *See* Section II, *infra.*

Courts have held that the selection and compilation of documents constitute work product. *Shelton v. Amer. Motors Corp.,* 805 F.2d 1323, 1329 (8th Cir. 1986); *see also Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73, 91 (S.D.N.Y. 2003) (applying work-product doctrine to information learned from counsel). Following that principle, the "selection, organization, and characterization of the facts" similarly enjoys work-product protection. *United States ex rel. Bagley v. TRW Inc.,* 212 F.R.D. 554, 564 (C.D. Ca. 2003). Plaintiff here seeks to learn the Attorney General's subjective decisions as to what sorts of memoranda and other documents to obtain and generate, how the investigation progressed and how the Attorney General views facts as they relate to its own potential litigation against Defendants in this case. Such questions are improper and warrant quashing the subpoena.

II.  **THE SUBPOENA DUCES TECUM SHOULD BE QUASHED BECAUSE IT IS OVERLY BROAD AND UNDULY BURDENSOME AND CALLS FOR PRIVILEGED DOCUMENTS**.

A "sweeping subpoena which requires a non-party to sift through every document in its files is *prima facie* improper." *In re Circle K Corp.,* 199 B.R. 92, 102 (Bankr.S.D.N.Y. 1996). In this case the subpoena calls for "all books, records, documents reviewed in an investigation or any of

them, and all other electronically stored information relating to the New York Attorney General's investigation of the [] defendants." It contravenes the requirement in FRCP 34(b)(1)(A) to "describe with reasonable particularity each item or category of items to be inspected." Most significantly, aside from the documents obtained from Defendants, to which the Attorney General has no particular objection, it calls for documents protected by the investigative/law-enforcement privilege, the deliberative-process privilege, and the work-product doctrine.

### A. The Documents Are Work Product.

A subpoena *duces tecum* should be quashed when it calls for privileged matter. *United States v. Lang,* 766 F. Supp. 389, 402 (D. Md. 1991). Analysis of one's case in anticipation of litigation is "a classic example of work product." *United States v. Adlman,* 134 F.3d 1194, 1196-97 (2d Cir. 1998). The documents that the Attorney General has generated analyze the Attorney General's potential case against the Defendants. They evaluate such things as the evidence supporting such a case, potential liability, and damages, and they reflect the Attorney General's mental impressions, conclusions, opinions, and legal theories. Turner Decl. ¶ 5. Thus, they are classic work product and deserve protection from disclosure.

Similarly, the work-product doctrine applies to documents "identified, selected, and compiled" because they were significant to a party's case. *Shelton v. Amer. Motors Corp.,* 805 F.2d 1323, 1328 (8th Cir. 1986). The Attorney General has chosen to obtain documents from third parties to assist the Attorney General in anticipation of potential litigation against the Defendants. Turner Decl. ¶ 4. Thus, these documents are also work product.

### B.  The Documents Are Subject to the Investigative/Law-Enforcement Privilege.

The investigative/law-enforcement privilege prevents disclosure of law-enforcement techniques, preserves the confidentiality of sources, protects witnesses and law-enforcement personnel, and generally prevents interference with a government investigation. *In re Dep't of Investigation of the City of N.Y.,* 856 F.2d 481, 484 (2d Cir. 1988). Disclosure may interfere with an ongoing investigation when the disclosure could reveal the evidence that the investigating body considers important, the theories and strategies behind the investigation, or the identity of witnesses who have made statements after promises of anonymity. *Nat'l Union Fire Ins. Co. Of Pittsburgh, Pa. v. Fed. Deposit Ins. Co.,* 1995 WL 104835, at *5 (D. Kan. March 7, 1995). Disclosure of informant's statements may interfere with the ability to secure future cooperation in investigations. *Borchers v. Comm. Union Assurance Co.,* 874 F. Supp. 78, 80 (S.D.N.Y. 1995).

The privilege applies equally to an ongoing investigation from which a civil enforcement action may result. *United States v. Lang,* 766 F. Supp. 389, 403 (D. Md. 1991). Here, the Attorney General has an ongoing investigation from which a civil enforcement action may result. Turner Decl. ¶ 2. Disclosure could interfere with that investigation by revealing the Attorney General's legal strategy and legal theories and assessment of what evidence it considers important. Turner Decl. ¶¶ 4, 5. Thus, the investigative/law-enforcement privilege protects against disclosure of these documents.

### C.  The Documents Are Subject to the Deliberative-Process Privilege.

The deliberative-process privilege shields from disclosure documents reflecting advisory opinions, recommendations, and deliberations that are part of a process from which governmental decisions are made. *Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.,* 232 F.R.D. 103,

7

108 (S.D.N.Y. 2005). To qualify for the privilege, a document must be both "predecisional" and "deliberative." *Id.* at 109.

A document is "predecisional" if it precedes the decision to which it relates. *Natural Resources Def. Council v. Fox,* 1998 WL 158671, at *3 (S.D.N.Y. Apr. 6, 1998). The Attorney General's investigation of Defendants remains open. Turner Decl. ¶ 2. The decision as to whether to file a lawsuit against Defendants has not yet been made. Turner Decl. ¶ 6. All documents that the Attorney General has generated are thus predecisional.

A document is "deliberative" if it relates to the processes by which policies are formulated. *Natural Resources Def. Council,* 1998 WL 158671, at *3. All of the Attorney General's documents evaluate the evidence against the Defendants. Turner Decl. ¶¶ 4, 5. Thus, they relate to the process of the potential litigation against the Defendants. They are deliberative. Thus, the deliberative-process privilege applies.

## CONCLUSION

Plaintiff seeks to depose Assistant Attorneys General to ascertain the Attorney General's work product, legal theories behind its investigation, and assessment of the evidence. This is an inappropriate objective for a deposition. The documents for which Plaintiff seeks identification are all privileged. The Attorney General respectfully requests this Court for a Protective Order quashing the subpoenas directed at the Attorney General and the Assistant Attorneys General.

Dated: New York, New York
July 30, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York

By: /s/ Joshua Pepper
JOSHUA PEPPER
Assistant Attorney General
120 Broadway, 24th floor
New York, NY 10271
tel: 1-212-416-8567
fax: 1-212-416-6075

JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*