```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MARLON CASTRO, OCTAVIO RANGEL, MARTIN
VASQUEZ, ALFREDO MARTINEZ, RODOLFO
MENDEZ, GERARDO ANGULO, JUAN MARTINEZ,          07 Civ. 4657
JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL
SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA,        OPINION
OMAR CASTILLO and AMANDO MARTINEZ,
individually and on behalf of others
similarly situated,

                        Plaintiffs,

    -against-

SPICE PLACE, INC., SPICE AVE., INC., BANGKOK
PALACE II, INC., SPICE CITY, INC., SPICE
WEST, INC., KITLEN MANAGEMENT, KITTIGRON
LIRTPANURUK and YONGYET LIMLEARTVATE,

                        Defendants.

------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/09

A P P E A R A N C E S :

    <u>Attorneys for Plaintiffs</u>

    LAW OFFICE OF MICHAEL FAILLACE and ASSOCIATES, P.C.
    110 East 59th Street, 32nd Floor
    New York, NY  10022
    By:  Michael Antonio Faillace, Esq.

    LAW OFFICE OF PETER G. EIKENBERRY
    74 Trinity Place, Suite 1609
    New York, NY 10006
    By:  Peter George Eikenberry, Esq.

    <u>Attorneys for Defendants</u>

    LAW OFFICE OF RICHARD E. SIGNORELLI
    799 Broadway, Suite 539
    New York, NY  10003
    By:  Richard E. Signorelli, Esq.

    LIPMAN & PLESUR, LLP
    500 North Broadway, Suite 105
    Jericho, NY  11753-2131
    By:  Robert David Lipman, Esq.

**Sweet, D.J.**

Plaintiffs, current and former employees of defendant restaurants, seek (a) certification of a collective action under the Fair Labor Standards Act ("FLSA"), 216(b); (b) leave to circulate a notice of pendency of the collective action; (c) discovery of names, addresses, and telephone numbers of individual employees to facilitate distribution of the notice of pendency; and (d) class certification under Rule 23, Fed. R. Civ. P., for claims under the New York Labor Law. Also pending is defendants' "Motion to Conduct Discovery at the Appropriate Time, if Discovery is Necessary at All."

For the reasons set forth below, plaintiffs' motions for collective action certification, leave to circulate notice, and discovery of employee contact information are denied with leave granted to renew. Plaintiffs' motion for class certification and defendants' motion are also denied.

**I. Prior Proceedings**

On September 6, 2005, the New York Attorney General's Office initiated an investigation of possible violations of New York Labor Law §§ 215, 652, and 29 U.S.C. § 207 by the defendant restaurants in the course of which depositions have been taken and documents produced. The investigation has been concluded in principal part, and settlement negotiations have been undertaken which would grant relief to the plaintiffs in this action.

Plaintiffs filed their complaint in this action on June 1, 2007. Pretrial conferences were held and the plaintiffs' motions were submitted on July 17, 2008. Defendants' motion was submitted July 29, 2008. No discovery has been had.

**II.  The Facts**

Defendants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management (collectively, "Defendant Restaurants") are New York corporations that operate and manage six Thai restaurants. The remaining defendants, Kittigron Lirtpanaruk and Yongyut Limleartvate, are sued

individually and as owners, officers, and/or agents of Defendant Restaurants.

In this action, plaintiffs, former and current delivery employees of Defendant Restaurants, allege violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"), on their own behalf and on behalf of a class of persons similarly situated.  According to the complaint, defendants have maintained a common policy of requiring plaintiffs to work over forty hours per week without providing minimum wage and overtime compensation as required under the FLSA and the NYLL, and failed to keep the records required under law.

Defendants deny common ownership and assert differing practices with respect to wage-hour practices.

**III.  Plaintiffs' Motion for Certification of a Collective Class Action is Denied**

**a.  <u>The Applicable Legal Standard</u>**

Plaintiffs seek certification, or in the alternative, conditional certification, of a collective

3

action pursuant to the FLSA.  Section 216(b) of the FLSA provides that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. 216(b).  This collective action procedure allows "'similarly situated' employees, whose claims are often small and not likely to be brought on an individual basis, [to] join together and pool their resources to prosecute their claims." Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)).

In determining whether certification under the FLSA is appropriate, courts engage in a two-step analysis, first looking to the pleadings and affidavits to determine whether plaintiffs have satisfied "the minimal burden of showing that the similarly situated requirement is met." Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y.

4

2006); see Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007). At this first step, plaintiffs satisfy the "similarly situated" requirement "by making 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Iglesias-Mendoza, at 367-68 (citing Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y.1998)); see also Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). "The Court must determine whether there is a 'factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007) (quoting Hoffman, 982 F. Supp. at 262). If the Court finds that plaintiffs are indeed similarly situated, it then certifies the collective action, authorizes notice, and discovery proceeds. See ABC Carpet & Home, 236 F.R.D. at 197.

After discovery, the court returns to the record "and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified . . . ." Id.

5

### b. Plaintiffs Have Not Demonstrated the Existence of a Common Policy or Plan

In seeking collective action certification, plaintiffs here allege that defendants have maintained a policy of requiring plaintiffs to work more than forty hours per week without providing the minimum wage and overtime compensation required under federal law.  However, plaintiffs have not made a sufficient showing of the existence of such a common plan or policy to meet their burden.

In support of their claim, plaintiffs allege that several of the named plaintiffs were employed at various times by more than one of Defendant Restaurants.  Complaint ¶¶ 10-23, 44, 46.  As evidence, plaintiffs have submitted three pay stubs issued to a single employee for the same work week using different social security numbers, see Pl. Exhibit S, as well as statements from current and former employees to that effect.  See Pl. Exhibit D ¶ 15-16, Exhibit ¶ 23-24; Exhibit G ¶ 14-17; Exhibit N ¶ 20-26; Exhibit O ¶ 19-20, Exhibit P ¶ 18-19.  However, the fact that Defendant Restaurants have employed the same

6

individuals does not provide a sufficient basis to infer that they engaged in a common plan or policy to violate the FLSA.

Plaintiffs' affidavits also provide descriptions of the amount of compensation the affiants received while employed by one or more of Defendant Restaurants, as well some limited information related to record keeping and forms of payment at several of the restaurants.  Plaintiffs point to these statements as evidence that defendants made several coordinated, wage-related policy changes in 2005 and 2006, involving the switch from cash to check payments and from manual to electronic time-keeping, and capping the maximum number of hours a delivery employee could work.

Even assuming that plaintiffs' affidavits do establish that Defendant Restaurants did follow similar policies with regard to compensation of its delivery personnel, plaintiffs have not made the necessary showing that these actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA. See Morales v. Plantworks, Inc., No. 05 Civ. 2349 (DC), 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification based upon plaintiffs' conclusory allegations

7

and failure to show a common policy or plan); <u>Barfield v. New York City Health & Hospitals Corp.</u>, No. 05 Civ. 6319 (JSR), 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) (denying certification where plaintiff provided "nothing but limited anecdotal hearsay to suggest that there is widespread practice").

Some evidence of such a common policy to violate the law is particularly significant in this case given that Defendant Restaurants are six distinct New York corporations and that defendants dispute plaintiffs' characterization of defendants as a joint employer under the FLSA. Compare <u>Ayers v. SGS Control Servs., Inc.</u>, No. 03 Civ. 9078 (RMB)(RLE), 2004 WL 2978296, at *4 (Dec. 21, 2004) (granting leave to file notice of pendency where, in addition to "substantial allegations by plaintiffs that defendants' actions violated the FLSA," record included "an admission by defendants that such actions reflect a company-wide policy").

The plaintiffs have argued that conditional certification is routinely granted under similar circumstances, citing <u>Mentor v. Imperial Parking Systems, Inc.</u>, 246 F.R.D. 178 (S.D.N.Y. 2007). In that case,

several parking garages under a common owner were alleged to have transferred employees between various locations in an attempt to avoid the wage-hour laws. The court there held that although the dates of employment and hours worked were unique among potential class members, the plaintiff had met its burden of demonstrating that the plaintiffs were similarly situated. Id. at 181.

By contrast, defendants here dispute plaintiffs' claims that Defendant Restaurants operate as a single entity. Since the defendants' status as a joint employer has not yet been resolved, plaintiffs must present some evidence to show that defendants maintained a common scheme or policy before this Court can grant collective action certification under § 216(b). Plaintiffs have not met this burden.

Based on the foregoing, plaintiffs' motions for certification of a collective action under the FLSA, leave to file a notice, and discovery of potential class members are denied with leave to renew.

**IV. The Exercise of Supplemental Jurisdiction Over Plaintiffs' State Law Claims Is Not Appropriate**

9

The exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that, with limited exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Courts have discretion to deny supplemental jurisdiction over a party's state law claims 1) where the claim raises a novel or complex issue of State law; 2) where the claim substantially predominates over the claim over which the court has original jurisdiction; 3) where the court has dismissed all claims over which it has original jurisdiction; 4) and in exceptional circumstances where there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

The Court of Appeals for the Second Circuit has adopted a narrow approach to the applicability of the "exceptional circumstances" provision. See Itar-Tass Russian News Agency et al., v. Russian Kurier, Inc., 140 F.3d 442, 447-48 (2d Cir. 1998) ("[D]eclining jurisdiction outside the ambit of 1367(c)(1)-(3) appears as the exception rather than the rule."). The Court's decision to

10

deny jurisdiction "should be informed by the values of judicial economy, convenience, fairness, and comity set forth in United Mine Workers of America v. Gibbs." SST Global Technology, LLC v. Chapman, 270 F. Supp. 2d 444 (S.D.N.Y. 2003) (citations omitted). However, courts "must ensure that the reasons identified as 'compelling' are not deployed in circumstances that threaten" this narrow scope. Itar-Tass Russian News Agency at 448 (quotation and citation omitted).

In this case, the ongoing investigation by the Attorney General's Office is the sort of "unusual case" that triggers the exception. See Arista Records LLC v. Lime Group LLC, 532 F. Supp. 2d 556, 583 (S.D.N.Y. 2007). Both the New York Attorney General and the New York Department of Labor have investigated the state law claims alleged here. The Attorney General's Office has issued subpoenas, taken depositions, conducted on-site investigations and drafted settlement papers. Although a settlement has yet to be reached, this Court's continued involvement in this case would only serve to frustrate the values laid out by Gibbs.

11

Since the Court denies supplemental jurisdiction over plaintiffs' state law claims, those claims will be dismissed. Plaintiffs' motion for certification of a class pursuant to Rule 23 is moot and therefore denied.

## V.  Plaintiffs May Proceed with Discovery Related to Collective Action Certification

Defendants have filed a motion with the Court seeking to stay discovery in this case until plaintiffs' motions for collective action and class certification are resolved. In light of this opinion, defendants' motion is denied as moot.

Since plaintiffs have been granted leave to renew their motion for collective action certification pursuant to the FLSA, discovery on this limited issue may proceed.

## VI.  Conclusion

The motions of the plaintiffs related to collective action certification are denied with leave granted to renew after discovery on this issue. Plaintiffs' motion for class certification is denied, and

12

plaintiffs' state law claims are dismissed. Defendants' motion is denied as moot.

So ordered.

New York, NY
January 29, 2009

_____
ROBERT W. SWEET
U.S.D.J.

13